[Cite as *Cuyahoga Metro. Hous. Auth. v. Rabb*, 2011-Ohio-2287.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 95658

# CUYAHOGA METROPOLITAN HOUSING AUTHORITY ET AL.

### PLAINTIFFS-APPELLEES

### vs.

# CLAUDE RABB

### DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cleveland Municipal Court
Case No. 2008 CVG 008714

**BEFORE:** Sweeney, J., Stewart, P.J., and Jones, J.

RELEASED AND JOURNALIZED:      May 12, 2011

**ATTORNEY FOR APPELLANT**

Joseph J. Straka, Esq.
Morscher Straka, L.L.C.
11711 Lorain Avenue, Suite 56
Cleveland, Ohio   44111

**ATTORNEY FOR APPELLEES**

Michael P. McGuire, Esq.
1441 West 25th Street
Cleveland, Ohio   44113

JAMES J. SWEENEY, J.:

{¶ 1}   Defendant-Appellant Claude Rabb ("Rabb") appeals following the municipal court's denial of his second motion for relief from the judgment that ordered his eviction from an apartment owned by Cleveland Metropolitian Housing Authority ("CMHA").   On appeal, Rabb asserts that the trial court abused its discretion because it is his belief that the court did not consider his legal arguments.   For the reasons that follow, we affirm.

{¶ 2} In 2008, CMHA initiated a complaint in forcible entry and detainer against Rabb, which proceeded to a hearing that was attended by both parties.   Judgment was entered in favor of CMHA and the cause for eviction was granted over Rabb's objections.   After he had vacated the

premises and approximately a year after entry of judgment, Rabb moved for relief from the eviction judgment arguing that it had been satisfied pursuant to Civ.R. 60(B)(4) by his departure from the premises. The municipal court denied the motion, which was affirmed by this Court on appeal in *Cuyahoga Metro. Hous. Auth. v. Rabb,* Cuyahoga App. No. 93561, 2010-Ohio-1870.

{¶ 3} On July 6, 2010, Rabb filed a second motion for relief from the same eviction judgment. According to Rabb, this successive Civ.R. 60(B) motion is "based exclusively upon facts and events which occurred prior to and at the trial upon the first case." The substance of the pro se motion details facts upon which Rabb believes entitled him to judgment in his favor on CMHA's complaint for eviction. The motion provides no citation to law or any legal argument with the exception of the concluding sentence, which provides: "I am asking relief from this eviction order under Civil Rule 60(B)(5) for these reasons."

{¶ 4} The trial court noted that the successive motion raised the same issue, i.e. a request to vacate the eviction order, and was "similar in substance" to the previously filed motion. The court found that the motion did "not raise any extraordinary meritorious grounds for relief as stated in Civ.R. 60(B)." The municipal court denied the motion finding it set forth claims that could have been raised on appeal and were, therefore, determined by the prior decision that had been affirmed on appeal.

**{¶ 5}** In his sole assignment of error Rabb contends:

**{¶ 6}** "The trial court erred and abused its discretion in failing to appropriately consider and render proper judgment upon Appellant's Motion for Relief from Judgment under Civil Rule 60(B)(5), as it wholly misinterpreted and/or failed to consder [sic] the legal argument supporting Appellant's July 9, 2010 Motion to Vacate."

**{¶ 7}** We review a ruling on a Civ.R. 60(B) motion for relief from judgment under an abuse of discretion standard. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 520 N.E.2d 564. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (internal citations omitted).

**{¶ 8}** It is well settled that the doctrine of res judicata bars litigants from reasserting arguments that were raised or could have been raised in a prior motion to vacate. *Cleveland State Univ. v. Woods*, Cuyahoga App. No. 94561, 2010-Ohio-5144, ¶31, quoting, *D'Agnese v. Holleran*, Cuyahoga App. No. 83367, 2004-Ohio-1795, ¶19-20, citing, *Coulson v. Coulson* (1983), 5 Ohio St.3d 12, 13, 448 N.E.2d 809; see, also, *Koly v. Nassif*, Cuyahoga App. No. 88399, 2007-Ohio-2505, ¶7-8 (court did not abuse its discretion by denying appellant's successive motion for relief from judgment where no new events

occurred and no new facts were discovered between filing of the first and second motion for relief from judgment).

{¶ 9} This is Rabb's second attempt to obtain relief from the judgment of eviction. He does not allege any new facts or events in the subsequent motion and instead relies on facts that occurred prior to and at the trial of the first cause. Accordingly, the issues he presents in his successive motion could have been raised in the prior motion to vacate. A motion for relief from judgment cannot be used as a substitute for a timely appeal and "the doctrine of res judicata prevents issues from being litigated ad nauseam." Id. at ¶6-8. For these reasons, the trial court did not abuse its discretion by denying Rabb's successive Civ.R. 60(B) motion. Further, the trial court's judgment entry reflects that it did consider the substance of Rabb's motion, which was similar to the previously filed motion despite that it sought relief under Civ.R. 60(B)(5) rather than Civ.R. 60(B)(4).

Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, JUDGE

MELODY J. STEWART, P.J., and
LARRY A. JONES, J., CONCUR