IN RE DISQUALIFICATION OF CRAWFORD.

STATE *v.* SMITH.

[Cite as *In re Disqualification of Crawford,*
142 Ohio St.3d 73, 2014-Ohio-5876.]

(No. 14–AP–095—Decided December 3, 2014.)

O'CONNOR, C.J.

{¶ 1} Jessica S. McDonald, counsel for defendant in the underlying case, Coty Smith, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Dale Crawford, a retired judge sitting by assignment, from presiding over further proceedings in case No. CRB 1401930 A–D in the Chillicothe Municipal Court.

{¶ 2} McDonald states that contrary to a court order, her client failed to appear for a recent pretrial hearing and that Judge Crawford thereafter instructed the city law director to "file the necessary criminal charges" against Smith for failure to appear.  McDonald claims that in response, the law director informed the judge that the normal procedure was to issue a capias for a defendant's failure to appear, but Judge Crawford repeated that Smith was subject to

additional charges. McDonald concludes that by ordering the law director to file additional charges against Smith, Judge Crawford "insert[ed] himself into the role of the prosecution" and should therefore be removed from the underlying case.

{¶ 3} Judge Crawford has responded in writing to the affidavit, explaining that Smith had been released on a recognizance bond. The judge acknowledges that after waiting approximately 20 minutes for Smith to appear for the pretrial hearing, he "requested the prosecutor to file criminal charges" because it is a "criminal offense to knowingly fail to appear on a recognizance bond (Rev. Code 2937.29)." The judge concludes, however, that "[i]t is up to the prosecutor to follow or not to follow [his] request."

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Crawford.

{¶ 5} It is axiomatic that judges do not possess, and should not attempt to use, prosecutorial discretion. When a judge abandons the judicial role to become an advocate for one party or another, the judge may be subject to legitimate questions about his or her impartiality. See Flamm, *Judicial Disqualification*, Section 15.5, at 422–423 (2d Ed.2007) ("a judge must not abandon her proper neutral role and assume that of an advocate, by needlessly injecting herself into the proceeding in favor of one party or another" [footnotes omitted] ). Indeed, Ohio judges have been disciplined for advocating on behalf of a party. See, e.g., *Disciplinary Counsel v. O'Neill*, 103 Ohio St.3d 204, 2004-Ohio-4704, 815 N.E.2d 286; *Disciplinary Counsel v. Campbell*, 126 Ohio St.3d 150, 2010-Ohio-3265, 931 N.E.2d 558. As this court explained in *O'Neill*:

> "The responsibility of a judge is to decide matters that have been submitted to the court by the parties. The judge may not, having decided a case, advocate for or, as in this case, materially assist one party at the expense of the other. Such advocacy creates the appearance, and perhaps the reality, of partiality on the part of the judge. This, in turn, erodes public confidence in the fairness of the judiciary and undermines the faith in the judicial process that is a necessary component of republican democracy."

*O'Neill* at ¶ 13, quoting *In re Complaint Against White*, 264 Neb. 740, 752, 651 N.W.2d 551 (2002).

{¶ 6} The record here, however, does not establish that Judge Crawford crossed the line between that of a neutral referee and that of a judge improperly assuming the role of a prosecutor. First, McDonald has failed to sufficiently substantiate her claim that Judge Crawford "ordered" the law director to file

additional charges against Smith. Judge Crawford avers that he "requested" the law director to file additional charges and that it was "up to the prosecutor to follow or not follow [his] request." Under R.C. 2701.03—Ohio's judicial-disqualification statute—the burden is on the affiant to submit sufficient evidence demonstrating that disqualification is warranted, and "[g]enerally, an affiant is required to submit evidence beyond the affidavit of disqualification supporting the allegations contained therein." *In re Disqualification of Baronzzi,* 135 Ohio St.3d 1212, 2012-Ohio-6341, 985 N.E.2d 494, ¶ 6. Moreover, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. McDonald could have supported her allegation by a transcript or recording of the pretrial hearing or even by a third-party affidavit. However, her unsubstantiated affidavit—in light of conflicting information from Judge Crawford—is insufficient to overcome the judge's presumption of impartiality.

{¶ 7} Second, under the circumstances here, Judge Crawford's request to the law director—after Smith had failed to appear as required by his recognizance bond—does not demonstrate that the judge is biased in the underlying case. Certainly, there could be circumstances in which a judge's call for prosecutorial action creates the appearance of partiality—especially if that judge then presides over the case in which he requested the filing of criminal charges. However, those do not appear to be the facts here, and accordingly, Judge Crawford's request does not rise to the level of advocacy requiring his disqualification from the underlying proceeding. *Compare O'Neill* at ¶ 11–12 (the judge acted with "blatant" advocacy by contacting a prosecutor after the judge's decision was reversed and encouraging the prosecutor to file an additional appeal and, in another case, directing defense counsel to solicit a better deal from a prosecutor and when the prosecutor refused, attempting to prevail on the prosecutor herself); *Campbell* at ¶ 45–46 (the judge became improperly involved in the formulation and prosecution of a criminal charge when, after the court of appeals had vacated a defendant's conviction, the judge made clear that he would not dismiss the charge until an amended charge was filed and thereafter discussed with the parties which charge would be appropriate).

{¶ 8} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Crawford.