[Cite as *Cuyahoga Metro. Hous. Auth.*, 2017-Ohio-9017.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105384**

# CUYAHOGA METROPOLITAN HOUSING AUTHORITY

PLAINTIFF-APPELLEE

vs.

# CLAUDE RABB

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cleveland Municipal Court
Case No. 2008 CVG 008714

**BEFORE:** E.T. Gallagher, P.J., Boyle, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** December 14, 2017

**ATTORNEY FOR APPELLANT**

Joseph J. Straka
Morscher & Straka, L.L.C.
11711 Lorain Avenue, Suite 56
Cleveland, Ohio 44111


**ATTORNEY FOR APPELLEE**

Michael P. McGuire
Cuyahoga Metropolitan Housing Authority
8120 Kinsman Road
Cleveland, Ohio 44102

EILEEN T. GALLAGHER, P.J.:

**{¶1}** This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Defendant-appellant, Claude Rabb, appeals the denial of his motion for relief from judgment. He claims the following single assignment of error:

> The trial court erred and abused its discretion in failing to grant appellant's motion for relief from judgment under Civ.R. 60(B)(5) when it did not properly consider appellee's own document, which suggests that appellee's forcible claim was without merit.

**{¶2}** We find no merit to the appeal, and affirm the trial court's judgment.

## I. Facts and Procedural History

**{¶3}** From 2002 to 2008, Rabb leased an apartment located at 2700 Washington Avenue, Cleveland, Ohio that was owned and operated by the Cuyahoga Metropolitan Housing Authority ("CMHA"). In January 2008, a CMHA manager and CMHA police officers responded to a complaint of water dripping through the ceiling of the apartment located directly below Rabb's apartment. Searching for the source of the water, CMHA authorities entered Rabb's apartment and "found the water running full blast with the shower head pointed out of the tub." (Complaint ¶ 4.) A CMHA secretary reported that Rabb had been in the office earlier that day complaining that the maintenance department had not repaired his leaky shower and threatening that "if it did not get fixed, he would turn the water on and let it run." (Complaint ¶ 4.)

**{¶4}** CMHA subsequently issued to Rabb six housing violations, a notice of termination, and a three-day notice to vacate the apartment. Rabb refused to vacate the apartment, and CMHA filed a complaint in forcible entry and detainer. CMHA also

sought money damages for "physical damages to the premises beyond ordinary wear and tear." (Complaint ¶ 13.)

{¶5} Following a hearing in May 2008, the trial court entered judgment in favor of CMHA and against Rabb. Although CMHA sought to recover the cost of repairing Rabb's apartment and two other units that sustained water damage as a result of Rabb's actions, CMHA failed to present evidence establishing the full amount of the damages. Based on the evidence presented, the trial court awarded CMHA damages in the amount of $86 and determined that Rabb was entitled to credit based on his security deposit of $104. After offsetting CMHA's recovery from Rabb's credit, the trial court determined that Rabb was entitled to the balance of his security deposit in the amount of $18.

{¶6} Rabb subsequently vacated the apartment and filed several motions for relief from judgment, all of which were denied. Rabb appealed the denial of two motions for relief from judgment, both of which were affirmed. *See Cuyahoga Metro. Hous. Auth. v. Rabb*, 8th Dist. Cuyahoga No. 93561, 2010-Ohio-1870; *Cuyahoga Metro. Hous. Auth. v. Rabb*, 8th Dist. Cuyahoga No. 95658, 2011-Ohio-2287.

{¶7} In November 2016, Rabb filed his eighth motion for relief from the trial court's judgment of eviction, arguing the judgment should be vacated because (1) he vacated the apartment immediately after judgment, and (2) CMHA failed to prove any damage caused by the alleged flood. With respect to damages, he argued that because

his resident ledger[1] did not include any charges for water damage, there was no proof of water damage.

{¶8} The trial court denied the motion for relief from judgment as untimely and as barred by res judicata. Rabb now appeals the denial of his eighth motion for relief from judgment.

## II. Law and Argument

{¶9} In his sole assignment of error, Rabb argues the trial court erred and abused its discretion in failing to grant his motion for relief from judgment. He contends he was entitled to relief under Civ.R. 60(B)(5).

{¶10} Civ.R. 60(B) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

Civ.R. 60(B) further provides that motions for relief from judgment "shall be made within a reasonable time * * *."

{¶11} To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the moving party must demonstrate (1) a meritorious defense or claim to present if relief

---

[1] The "resident's ledger" lists all of the costs and expenses associated with the resident's CMHA apartment.

is granted, (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (B)(5), and (3) the timeliness of the motion. *GTE Automatic Elec., Inc., v. Arc Industries, Inc.*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976). These requirements are independent and written in the conjunctive; therefore, all three must be clearly established in order to be entitled to relief. *See Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

{¶12} We review a trial court's denial of a motion for relief from judgment for an abuse of discretion. *Id.* "An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable." *State ex rel. Dreamer v. Mason*, 115 Ohio St.3d 190, 2007-Ohio-4789, 874 N.E.2d 510, ¶ 18.

{¶13} Rabb argues he was entitled to relief under Civ.R. 60(B)(5) and that the trial court erroneously failed to consider evidence of his "resident ledger." He asserts that the absence of any charges for water damage on the ledger demonstrates "there was no flood and there was no property damage to any other unit." (Defendant's motion to vacate first cause judgment filed November 8, 2016.) He ignores the photographs depicting the water damage that were submitted at the eviction hearing as well as his own testimony that he intentionally left the water running in his apartment.

{¶14} In the judgment entry denying Rabb's eighth motion for relief from judgment, the trial court explained that because Rabb could have asserted the resident ledger as a defense "eight years ago," that argument was now both untimely and barred by res judicata.

{¶15} We agree with the trial court's conclusion that Rabb's motion was not filed within a reasonable time as required by Civ.R. 60(B). Whether a motion for relief from judgment is filed within a reasonable time depends on the facts and circumstances of the particular case. *Simmons v. Simmons*, 8th Dist. Cuyahoga No. 97975, 2012-Ohio-4164, ¶ 8. The moving party bears the burden of submitting factual material demonstrating the timeliness of the motion. *Id*., citing *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 103, 316 N.E.2d 469 (8th Dist.1974).

{¶16} When the moving party is aware that there are grounds for relief but nevertheless delays in filing the motion, the party must provide a reasonable explanation for the delay. *Blue Durham Props., L.L.C. v. Krantz*, 8th Dist. Cuyahoga No. 99201, 2013-Ohio-2098, ¶ 15. The moving party fails to demonstrate the timeliness of the motion if he fails to present evidence of a reasonable explanation for the delay. *Mt. Olive Baptist Church v. Pipkins Paints & Home Improvement Ctr., Inc.*, 64 Ohio App.2d 285, 413 N.E.2d 850 (8th Dist.1979), paragraph two of the syllabus.

{¶17} Rabb offered no explanation as to why he filed his most recent motion for relief from judgment more than eight years after the trial court rendered judgment against him. Moreover, his argument that his resident ledger "unequivocally contradicts" the basis for CMHA's complaint for eviction is barred by res judicata. The doctrine of res judicata bars litigants from reasserting arguments that were raised or could have been raised in a prior motion for relief from judgment. *Rabb*, 8th Dist. Cuyahoga No. 95658, 2011-Ohio-2287, ¶ 8.

**{¶18}** Rabb could have argued that his resident ledger disproves CMHA's claims at the eviction hearing. Indeed, Rabb submitted a copy of the resident ledger to the court in 2008 with his objections to the magistrate's report. It is unclear whether Rabb submitted this evidence at the eviction hearing, but the record establishes that Rabb had possession of this evidence in 2008 and could have either presented it at the hearing and maintained the argument on appeal, or presented it in a timely motion for relief from judgment. However, Rabb failed to submit evidence of the resident ledger as a defense in either of his prior appeals or in a timely motion for relief from judgment. Therefore, this argument is untimely under Civ.R. 60(B) and barred by res judicata.

**{¶19}** The sole assignment of error is overruled.

**{¶20}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, PRESIDING JUDGE

MARY J. BOYLE, J., and
PATRICIA ANN BLACKMON, J., CONCUR