O'Connor, C.J.
*1201 {¶ 1} Stephen P. Hanudel, counsel for the defendants, has filed an affidavit and a supplemental affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge Nancy Margaret Russo from presiding over any further proceedings in the above-referenced case.
{¶ 2} Mr. Hanudel avers that Judge Russo is biased against him and his clients and should be disqualified from deciding his pending motion to vacate the sanctions that she previously imposed on him. Judge Russo has responded in writing and denies exhibiting any bias against Mr. Hanudel or the defendants.
{¶ 3} "The statutory right to seek disqualification of a judge is an extraordinary remedy. * * * A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." In re Disqualification of George , 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Mr. Hanudel has failed to set forth sufficiently compelling evidence to overcome the presumption that Judge Russo will be fair and impartial.
{¶ 4} Mr. Hanudel's affidavit is primarily based on Judge Russo's conduct at the January 2017 sanctions hearing, during which he claims that the judge yelled at him, falsely accused him of challenging the professionalism of a different judge who issued a prior ruling in the case, asked him a series of prejudicial questions, and became an advocate for the plaintiff. Attorneys should be free to challenge, in appropriate legal settings, a perceived judicial error without a court misconstruing the intent of the challenge. See Disciplinary Counsel v. Shimko , 134 Ohio St.3d 544, 2012-Ohio-5694, 983 N.E.2d 1300, ¶ 32. And "[w]hen a judge abandons the judicial role to become an advocate for one party or another, the judge may be subject to legitimate questions about his or her impartiality." In re Disqualification of Crawford , 142 Ohio St.3d 73, 2014-Ohio-5876, 28 N.E.3d 64, ¶ 5.
*1202 {¶ 5} Although the January 2017 hearing transcript shows tension between Judge Russo and Mr. Hanudel, the transcript does not clearly establish that the judge is biased against him. Judge Russo believed-and was later affirmed on appeal-that Mr. Hanudel had engaged in frivolous conduct. See Blue Durham Properties, L.L.C., v. Krantz , 8th Dist. Cuyahoga Nos. 105236 and 105394, 2017-Ohio-8230, 2017 WL 4711463, ¶ 22-37. Judges are entitled to express dissatisfaction with an attorney's improper tactics, although "that dissatisfaction can and should be expressed in a way that promotes public confidence in the integrity, dignity, and impartiality of the judiciary." In re Disqualification of Corrigan , 105 Ohio St.3d 1243, 2004-Ohio-7354, 826 N.E.2d 302, ¶ 10.
{¶ 6} In his supplemental affidavit, Mr. Hanudel avers that Judge Russo demonstrated bias by issuing an entry after he filed his affidavit of disqualification, in violation of R.C. 2701.03(D). Pursuant to *1044 R.C. 2701.03(D)(1), if the clerk of this court accepts an affidavit of disqualification for filing, the affidavit generally "deprives the judge against whom the affidavit was filed of any authority to preside in the proceeding until the chief justice * * * rules on the affidavit." However, R.C. 2701.03(D)(4) further provides that if, after the chief justice denies an affidavit of disqualification, "a second or subsequent affidavit of disqualification regarding the same judge and the same proceeding is filed * * * by counsel for the same party who filed or on whose behalf was filed the affidavit that was denied, the judge against whom the second or subsequent affidavit is filed may proceed in the proceeding prior to the ruling of the chief justice." Here, the chief justice already denied two affidavits of disqualification against Judge Russo filed by Mr. Hanudel's client. See case Nos. 17-AP-001 and 17-AP-076. Judge Russo therefore had authority to "proceed in the proceeding" prior to the ruling on the third affidavit in this case.
{¶ 7} Finally, Mr. Hanudel claims that Judge Russo's recent entry shows bias because she threatened to strike his e-filed motion for failing to deliver a "courtesy copy" to her office. There is no indication in the record, however, that Judge Russo struck the motion.
{¶ 8} For these reasons, the affidavit of disqualification is denied.