[Cite as *C.S.J. v. S.E.J.*, 2019-Ohio-3273.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| C.S.J., | : | |
| Petitioner-Appellee, | : | No. 107401 |
| v. | : | |
| S.E.J., | : | |
| Respondent-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 15, 2019

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DV-17-368501

***Appearances:***

Adam S. Baker, *for appellee.*

S.E.J., *pro se.*

PATRICIA ANN BLACKMON, P.J.:

{¶ 1} Appellant S.E.J. appeals from the judgment of the trial court that granted appellee's petition for a domestic violence civil protection order pursuant to R.C. 3113.31. He assigns three errors for our review:

    I.    The trial court erred and abused its discretion when trial [court] continued to proceed with trial after the appellant established for

the record the appellee had procedural [sic] defaulted by failing to timely answer the admissions as required by Civ.R 36(C).

II. The trial court erred and abused its discretion when trial [court] continued to proceed with trial after the appellant established for the record the court's order of service had not been perfected.

III. The appellee failed to establish perfected service on three separate occasions without any proof of service.

{¶ 2} Having reviewed the record and the controlling law, we affirm the decision of the trial court. For the sake of clarity, we shall address the assigned errors out of their predesignated order.

{¶ 3} The record indicates that appellant and appellee were married in 2008 and have one son who was born the following year. On August 22, 2017, appellee filed a petition for an ex parte domestic violence civil protection order against appellant. The court issued an ex parte protection order that day.

{¶ 4} The court scheduled a full hearing on the matter commencing in February 2018, after both parties signed an agreed entry approving trial dates. Appellant filed discovery requests, including multiple requests for admissions under Civ.R. 36. He also filed motions to deem various matters admitted that were later denied by the trial court. Both parties appeared at the evidentiary hearing and presented evidence. According to the App.R. 9(C) statement of the evidence submitted in this case:

> On February 7, 2018, [appellee] was sworn and gave testimony that supports finding that [appellant] committed domestic violence as defined in R.C. 3113.31 and that the [appellee] is in danger of domestic violence. Her testimony is found to be credible. [Appellant's] testimony was marginally credible. * * *

[Appellee] testified that on or about August 1, 2017, [appellant] forcefully took [appellee's] backpack from her person.

[Appellant] picked up a box and threw it forcefully at [appellee's] face, while she was wearing her glasses causing injury and bleeding. [Appellee] played an audio recording of the incident. [Appellee] was hysterical and crying. [Appellant] profusely apologized. [Appellee] submitted four (4) cell-phone photographs of herself taken 30 minutes after the aforementioned incident. The photographs clearly depict [appellee's] swollen face, cheek and lips. [Appellant's] objection to [the recording] is overruled as the [appellee] testified that she recorded the incident, and that the recording was accurate. Same corroborated her testimony.

On or about August 15, 2017, [appellant] dropped [appellee] off at Rite-Aid drug store to pick up a prescription. [Appellant] left Petitioner at the drug store and she had to take bus home. Upon her return home, [appellee] noticed a camera set up with note that stated, "Don't touch the camera." [Appellee] testified that she was so frightened she called the police. The Police advised her to go to a shelter. [Appellee] contacted shelters and they were filled up [so she] stayed at a hotel. * * *

[Appellant] disputed that on August 1, 2017, he threw a box at [appellee]. He testified that it was a "flinch," and that [appellee] "bumped his wrist with her lips." However, [appellant] conceded that the photographs accurately reflected [appellee's] injuries. As such, it is readily apparent that [appellant] caused serious physical harm upon the [appellee]. R.C. 3113.31(A)(1)(a).

The Court further finds by preponderance of the evidence * * * that [appellee is] in danger of or has been a victim of domestic violence * * * as defined in R.C. 3113.31(A), committed by [appellant.]

{¶ 5} The court imposed a domestic violence civil protection order and ordered it to remain in effect until August 2022.

**Requests for Admissions**

{¶ 6} In the first assigned error, appellant argues that appellee did not "timely" respond to his requests for admissions pursuant to Civ.R. 36 because

appellee's counsel assured him that discovery responses would be returned within 14 days, and responses were one day late. He maintains that various matters should be deemed admitted under Civ.R. 36.

{¶ 7} In order to grant a domestic violence civil protection order pursuant to R.C. 3113.31, the court must find that petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence. *Felton v. Felton*, 79 Ohio St.3d 34, 42, 1997-Ohio-302, 679 N.E.2d 672, paragraph two of the syllabus; *Johnson v. Burke*, 8th Dist. Cuyahoga No. 103702, 2016-Ohio-2947, ¶ 23. R.C. 3113.31(A)(1) defines domestic violence to include, inter alia, "attempting to cause or recklessly causing bodily injury[.]"

{¶ 8} Because courts are expressly authorized to "craft protection orders that are tailored to the particular circumstances," challenges to the scope of a protection order are reviewed for abuse of discretion. *M.D. v. M.D.*, 8th Dist. Cuyahoga Nos. 106581 and 106758, 2018-Ohio-4218, ¶ 45, citing *Allan v. Allan*, 8th Dist. Cuyahoga No. 101212, 2014-Ohio-5039, ¶ 11, quoting *Reynolds v. White*, 8th Dist. Cuyahoga No. 74506, 1999 Ohio App. LEXIS 4454 (Sept. 23, 1999). "An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for

that of the trial court. *Berk v. Matthews*, 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990).

{¶ 9} Civ.R. 36(B) provides that '[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Generally, the express language of Civ.R. 36(A), requests for admissions are "'self-executing; if there is no response to a request or an admission, the matter is admitted. Unlike other discovery matters, the admission is made automatically and requires no further action by the party requesting the admissions.'" *Smallwood v. Shiflet*, 8th Dist. Cuyahoga No. 103853, 2016-Ohio-7887, ¶ 18, quoting *State v. Cordell*, 10th Dist. Franklin No. 08AP-361, 2008-Ohio-6124, ¶ 10.

{¶ 10} However, Civ.R. 65.1 governs special statutory proceedings under R.C. 3113.31, and states:

> (A) Applicability; Construction; Other rules. The provisions of this rule apply to special statutory proceedings under R.C. 3113.31, R.C. 2151.34, and R.C. 2903.214 providing for domestic violence, stalking, and sexually oriented offense civil protection orders, shall be interpreted and applied in a manner consistent with the intent and purposes of those protection order statutes, and supersede and make inapplicable in such proceedings the provisions of any other rules of civil procedure to the extent that such application is inconsistent with the provisions of this rule.
>
> * * *
>
> (D) Discovery.
>
> (1) Time. Discovery under this rule shall be completed prior to the time set for the full hearing.

(2) Discovery order. *Discovery may be had only upon the entry of an order containing all of the following* to the extent applicable:

(a) The time and place of the discovery;

(b) The identities of the persons permitted to be present, which shall include any victim advocate; and

(c) Such terms and conditions deemed by the court to be necessary to assure the safety of the Petitioner, including if applicable, maintaining the confidentiality of the Petitioner's address.

(Emphasis added.)

{¶ 11} Pursuant to the 2016 Staff Notes for this rule,

The [domestic violence civil protection order] statutes do not address discovery. Division (D) provides for discovery only upon a court order containing accommodations and protections deemed necessary for the protection of the petitioner.

{¶ 12} The record in this case indicates that without obtaining prior approval from the court, appellant served multiple requests for admissions upon appellee, which were followed by motions to deem matters admitted. Under the clear language of Civ.R. 65.1, however, in order to fulfill the aims of accommodating and protecting an ex parte petitioner, a discovery order must first be obtained before proceeding with discovery. Such order would specify the time, place, terms and conditions of discovery. Moreover, as the magistrate thoughtfully opined in this case:

Neither party requested a discovery order prior to the date of this proceeding, January 3, 2018. The purpose of the statute is to determine whether the Petitioner and/or the parties' minor child are in danger of domestic violence based on the truth of the allegations contained in the Petition. *Felton v. Felton*[, 79 Ohio St.3d 34, 37-38, 679 N.E.2d 672 (1997)]. This Magistrate is of the opinion that such requests for admissions are inconsistent with the purpose of the statute, to protect

individuals from domestic violence. Discovery should be used as a shield and not a sword. Civil Rule 65.1 addresses discovery in these proceedings. This Magistrate offered that the Respondent could schedule the Petitioner's deposition to take place in this Courthouse prior to the full hearing taking place. The Respondent declined the opportunity to do so.

{¶ 13} In accordance with the foregoing, we conclude that the trial court did not abuse its discretion in denying appellant's motions to deem various matters admitted. The first assigned error lacks merit.

## Appellee's Service of Discovery Documents

{¶ 14} In the third assigned error, appellant maintains that appellee failed to properly serve him with her discovery responses.

{¶ 15} Again, we note that appellant did not first obtain a court order for discovery as required under Civ.R. 65.1. Additionally, the magistrate properly denied his attempt to deem matters submitted to appellee as admitted prior to the full evidentiary hearing. Further, appellant was permitted to extensively cross-examine appellee and pursue expansive areas of inquiry during the full evidentiary hearing. Accordingly, we find no prejudicial error.

{¶ 16} The third assigned error is without merit.

## Service of Notices and Orders from the Court

{¶ 17} In the second assigned error, appellant asserts that he was not properly served with court notices and orders after he notified the court of his change of address.

{¶ 18} In order to render a valid judgment, a court must have jurisdiction over the defendant in the action. *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984). A court may acquire personal jurisdiction over the defendant either by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative that constitute an involuntary submission to the jurisdiction of the court. *Id.* Jurisdiction over the person is presumed to exist in the absence of an objection. *Jones v. Jordan*, 8th Dist. Cuyahoga No. 88696, 2007-Ohio-2519, ¶ 11.

{¶ 19} Under R.C. 3113.31(D),

The court shall give the respondent notice of, and an opportunity to be heard at, the full hearing. The court shall hold the full hearing on the date scheduled under this division unless the court grants a continuance of the hearing in accordance with this division. Under any of the following circumstances or for any of the following reasons, the court may grant a continuance of the full hearing to a reasonable time determined by the court:

(i) Prior to the date scheduled for the full hearing under this division, the respondent has not been served with the petition filed pursuant to this section and notice of the full hearing.

(ii) The parties consent to the continuance.

{¶ 20} Here the record indicates that appellant was properly served with the ex parte order and the notices of the full hearing that were initially scheduled. Appellant moved to a new residence after the ex parte order was issued. However, he subsequently signed several agreed orders outlining the trial dates. Significantly, appellant signed various agreed judgment entries scheduling the hearing on the

protection order and explaining that the ex parte order would remain in effect. Furthermore, appellant did not raise an objection to the sufficiency of process. Civ.R. 12(H). Appellant also appeared in the action and filed numerous documents, clearly demonstrating his awareness of the scheduling of trial as well as the court's personal jurisdiction. In accordance with all of the foregoing, we conclude that the trial court had personal jurisdiction over appellant in this matter.

{¶ 21} The second assigned error is without merit.

{¶ 22} Motion No. 528115 (which was referred to the merit panel for disposition) seeking reconsideration of this court's prior order striking Exhibit D from appellant's merit brief is denied in part and granted in part. The motion to reconsider is denied as to the letter included within Exhibit D, but is reversed as to the remainder of Exhibit D, which is part of the trial court record.

{¶ 23} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.


_____
PATRICIA ANN BLACKMON, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
LARRY A. JONES, SR., J., CONCUR