[Cite as *Blue Durham Properties v. Krantz*, 2019-Ohio-4459.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

BLUE DURHAM PROPERTIES,    :

    Plaintiff-Appellee,    :

                             Nos. 107974 and 108167

v.    :

MARK K. KRANTZ, ET AL.,    :

    Defendants-Appellants.    :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 31, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-07-638134

---

### *Appearances:*

Levinson L.L.P., and Jeffrey M. Levinson, *for appellee.*

David V. Gedrock, *for appellant* Stephen P. Hanudel.

Mark Krantz, *pro se.*

Stacey Krantz, *pro se.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Attorney Stephen P. Hanudel appeals from the trial court's denial of his motion to vacate sanctions awarded against him. Hanudel's clients, defendants-

appellants Marc and Stacey Krantz, also filed an appeal of the trial court's order denying their motion to vacate sanctions in *Blue Durham Properties v. Krantz*, 8th Dist. Cuyahoga No. 108167. This court determined that the appeals would be treated as companion appeals, separately briefed and argued and disposed of by the same merit panel. For purposes of this opinion, we have decided the merits of both appeals together. And for the following reasons, we affirm the trial court's decision regarding Hanudel's motion to vacate sanctions as well as the Krantzes' motion to vacate sanctions.

## I. Procedural History and Substantive Facts

{¶ 2} In August 2007, the Krantzes executed two cognovit notes, each in the amount of $100,000, in favor of Blue Durham Properties ("Blue Durham"). The notes contained warrants of attorney confessing judgment against the Krantzes. The Krantzes defaulted under the terms of both cognovit notes, and Blue Durham obtained judgment against them in the amount of $284,208, plus interest. In March 2009, the Krantzes paid the judgment in full and the case was dismissed.

{¶ 3} Five years later, in October 2012, the Krantzes filed a motion for relief from judgment, arguing that because the cognovit notes involved consumer loans, the warrants of attorney were invalid and the court lacked subject-matter jurisdiction to grant judgment by confession in the case. The trial court denied the Krantzes' motion for relief, and in November 2012, they appealed. *See Blue Durham Properties, L.L.C. v. Krantz*, 8th Dist. Cuyahoga No. 99201, 2013-Ohio-2098 ("*Krantz I*"). On appeal, this court found the loans were commercial loans and

therefore the Krantzes lacked a meritorious defense. *Id.* at ¶ 14. This court also found the motion for relief was untimely, stating that a motion to vacate a default judgment, "which is filed five years after the judgment was rendered and three and one-half years after paying the judgment, does not, on its face, satisfy the reasonable time requirement * * *" and "in the absence of any evidence explaining the delay," the Krantzes failed to demonstrate timeliness. *Id.* at ¶ 15. Finding the trial court did not abuse its discretion in denying the Krantzes' motion for relief from judgment, the panel affirmed the trial court's judgment. *Id.* at ¶ 18. The Ohio Supreme Court declined to accept the Krantzes' appeal. *Blue Durham Properties, L.L.C. v. Krantz*, 137 Ohio St.3d 1411, 2013-Ohio-5096, 998 N.E.2d 510.

{¶ 4} Four years later, in November 2016, the Krantzes, through their attorney, Stephen Hanudel, filed a second motion for relief from the same judgment. This time, the Krantzes argued that the trial court lacked subject-matter jurisdiction to enter judgment on the cognovit notes because Blue Durham never produced the original warrants of attorney when it applied for judgment.

{¶ 5} In response to the Krantzes' second motion for relief, Blue Durham's counsel sent a letter to Hanudel, asking that Hanudel withdraw this second motion for relief because it lacked any basis in law or fact. Blue Durham advised the Krantzes that their motion was frivolous, untimely, and subject to res judicata in light of this court's 2013 decision finding the Krantzes' motion to vacate the default judgment filed three and one-half years after the Krantzes paid the judgment was untimely. Blue Durham's counsel also warned Hanudel that if he failed to withdraw

the motion, Blue Durham would request sanctions. Rather than withdrawing the motion, Hanudel sent Blue Durham a letter demanding $405,019.18 in exchange for a dismissal of the motion. Consequently, Blue Durham filed an opposition to the motion for relief from judgment and a motion for sanctions in the amount of $19,335.66. On November 15, 2016, the trial court denied the Krantzes' second motion for relief and held a hearing on the motion for sanctions.

{¶ 6} On January 18, 2017, following the sanctions hearing, the trial court awarded sanctions against the Krantzes and their attorney, Hanudel, jointly and severally, in favor of Blue Durham, in the amount of $6,743.76. In awarding sanctions, the trial court stated as follows:

> Defendants Marc and Stacey Krantz fail to appear despite notice. The court also notes that [the Krantzes'] brief in opposition to the motion for sanctions contained no law or authority as a response. Plaintiff's motion for sanctions [is] granted in part, denied in part. The court finds that the [Krantzes'] counsel Hanudel did violate [R.C. 2323.51(B)(1) and Civ.R. 11] in the filing of the 60(B) motion filed on November 7, 2016.
>
> The court further finds that the claim contained in that motion was frivolous and that the plaintiff was adversely affected. The court further finds that the defendants' counsel, Mr. Hanudel, did not have good grounds to support this pleading, that he failed to adequately investigate before filing this motion, and that the motion was filed for purposes of delay.

{¶ 7} Hanudel and the Krantzes appealed the trial court's orders denying the second motion for relief from judgment and awarding sanctions. *See Blue Durham Properties, L.L.C. v. Krantz*, 8th Dist. Cuyahoga No. 105236, 2017-Ohio-8230

("*Krantz II*").[1]  In October 2017, this court found that the trial court properly denied the appellants' second motion for relief from judgment because there was no evidence that the trial court unlawfully entered judgment in the absence of the original warrants of attorney:

> Although R.C. 2323.13 requires the attorney to produce the original warrant of attorney at the time he appears, in person, to confess judgment to the court, it does not require that the original warrants of attorney be filed with the court. Therefore, even if the original warrants of attorney were not filed with the complaint, the trial court would have had subject matter jurisdiction to render judgment as long as counsel produced the originals when he confessed judgment to the court.
>
> The Krantzes produced no evidence establishing that the trial court unlawfully entered judgment in the absence of original warrants of attorney. Indeed, Hanudel admitted that he never investigated whether the trial court failed to follow R.C. 2323.13 by requiring production of the original warrants of attorney when it entered judgment on cognovit notes. Therefore, the Krantzes failed to demonstrate that the trial court lacked subject matter jurisdiction to enter judgment on the cognovit notes, and the trial court properly denied the motion for relief from judgment.

*Id.* at ¶ 19-20.

{¶ 8}  The *Krantz II* panel also found that the trial court properly awarded sanctions for frivolous conduct where the motion for relief from judgment lacked any basis in law or fact and counsel failed to properly investigate the accuracy of the

---

[1]  On December 6, 2016, the Krantzes appealed the trial court's decision denying their motion for relief from judgment in *Blue Durham Properties, L.L.C. v. Krantz*, 8th Dist. Cuyahoga No. 105236, and on January 24, 2017, the Krantzes appealed the trial court's sanctions order in *Blue Durham Properties, L.L.C. v. Krantz*, 8th Dist. Cuyahoga No. 105394.  This court consolidated the two appeals and issued one opinion on both orders in *Krantz II*.

allegations in the motion. Finding the trial court's conclusion that the appellants engaged in frivolous conduct was not an abuse of discretion, this court stated:

> The Krantzes' claims lacked any factual or legal basis, and Hanudel failed to investigate the claims alleged in the second motion for relief from judgment, even after Blue Durham's counsel put him on notice that the Krantzes' claims were unfounded. By arguing that the trial court rendered judgment in the absence of original warrants of attorney, the Krantzes accused Blue Durham's lawyer and the court of fraudulently entering judgment against them. These are serious accusations. Common sense dictates that these allegations should be confirmed before they are publicly made.
>
> The Krantzes' frivolous conduct unnecessarily cost Blue Durham significant attorney fees. Monetary sanctions provide redress to the injured party and serve as a deterrent against future frivolous conduct. * * * The Krantzes, through Hanudel, have twice challenged the court's subject matter jurisdiction, and neither challenge had any merit. Indeed, Blue Durham argued in the trial court that both motions for relief from judgment were frivolous. Although challenges to subject matter jurisdiction may be made at any time, the claims must be not frivolous or sanctions may be ordered.

*Id.* at ¶ 33-34.

{¶ 9} In April 2018, the Ohio Supreme Court declined to accept the Krantzes' appeal of this court's 2017 decision. *Blue Durham Properties, L.L.C. v. Krantz*, 152 Ohio St.3d 1444, 2018-Ohio-1600, 96 N.E.3d 299. The Supreme Court also denied the Krantzes' motion for reconsideration of its decision to decline jurisdiction. *See 6/27/2018 Case Announcements*, 2018-Ohio-2418, 100 N.E.3d 446.

{¶ 10} On November 13, 2018, Blue Durham filed a motion with the trial court for a debtor's examination of Hanudel and both Marc and Stacey Krantz in an effort to collect on the judgment. The record shows that three days later, on

November 16, 2018, Hanudel filed an affidavit of disqualification of the trial court judge and a supplemental affidavit, seeking to disqualify Judge Nancy Margaret Russo from presiding over any further proceedings in the case. *See In re Russo*, 156 Ohio St.3d 1201, 2018-Ohio-5457, 123 N.E.3d 1043. Hanudel alleged bias and argued that the judge's conduct in the sanctions hearing of January 17, 2017, violated the Code of Judicial Conduct for multiple reasons, including yelling at him, falsely accusing him of challenging the professionalism of a different judge who issued a prior ruling in the case, asking him a series of prejudicial questions, and becoming an advocate for the plaintiff. *Id.* at ¶ 4.

{¶ 11} On December 4, 2018, the Ohio Supreme Court denied the affidavit of disqualification, finding that the record did not clearly establish that the trial judge was biased against him and "[the trial] judge believed — and was later affirmed on appeal — that Mr. Hanudel had engaged in frivolous conduct." *Id.* at ¶ 5, citing *Krantz II*. Within its judgment entry, the Ohio Supreme Court stated that it had already denied two affidavits of disqualification against Judge Russo that were filed by Hanudel's clients. *Id.* at ¶ 6.

{¶ 12} Also on November 16, 2018, Hanudel, through his attorney, filed with the trial court a third motion for relief from judgment under Civ.R. 60(B), entitled "motion to vacate sanctions." This time, Hanudel argued that the sanctions were procured by a fraud upon the court because Blue Durham's attorney did not follow the proper procedure requiring presentment of the original warrant of attorney to obtain a cognovit judgment. Specifically, Hanudel states that Blue Durham's

counsel submitted a false affidavit attesting to the fact that court procedure was in fact followed. The trial court denied Hanudel's motion, and on December 12, 2018, Hanudel filed the present appeal in this matter.

{¶ 13} On January 22, 2019, the Krantzes filed a pro se motion to vacate sanctions in which they advanced the same arguments made in Hanudel's motion. The trial court denied the Krantzes' motion. And on January 28, 2019, the Krantzes, pro se, filed their companion appeal. Once again, the Krantzes advanced the same arguments on appeal as Hanudel's appeal.

{¶ 14} In one assignment of error, Hanudel contends that the trial court erred by denying his motion to vacate sanctions. The Krantzes, in their sole assignment of error, allege that the trial court erred "by awarding the wrong amount [and] excessive amount of sanctions damages." Because the substance of the arguments are identical, we will address Hanudel's and the Krantzes' (collectively "Appellants") arguments together.

## II. Law and Analysis

{¶ 15} In their sole assignment of error, Appellants argue that the trial court erred in denying their motion to vacate sanctions that was filed pursuant to Civ.R. 60(B). Specifically, Appellants argue that Blue Durham fraudulently procured sanctions against them and they are entitled to relief under Civ.R. 60(B)(5).

## A. Standard of Review

{¶ 16} We review a trial court's decision denying a Civ.R. 60(B) motion for relief from judgment for an abuse of discretion. *Baon v. Fairview Hosp.*, 8th Dist. Cuyahoga No. 107946, 2019-Ohio-3371, ¶ 15, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). An abuse of discretion "connotes more than an error of law or judgment," rather, it occurs when the court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Under this deferential standard, the reviewing court may not substitute its judgment for that of the trial court. *Id.*; *C.S.J. v. S.E.J.*, 8th Dist. Cuyahoga No. 107401, 2019-Ohio-3273, ¶ 8.

## B. Motion for Relief from Judgment Under Civ.R. 60(B)

{¶ 17} Civ.R. 60(B) delineates several reasons for which a party may obtain relief from a final judgment:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

Civ.R. 60(B).

{¶ 18} The rule further provides that the motion "shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken." Civ.R. 60(B). While a motion filed pursuant to Civ.R. 60(B)(5) is not subject to the one-year limitation, the motion must be filed within a "reasonable time." *Simmons v. Simmons*, 8th Dist. Cuyahoga No. 97975, 2012-Ohio-4164, ¶ 8, citing *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. The moving party has the burden of presenting evidence demonstrating the motion was filed within a "reasonable time." *Id.*, citing *Youssefi v. Youssefi*, 81 Ohio App.3d 49, 53, 610 N.E.2d 455 (9th Dist.1991). And what constitutes a reasonable time depends upon the circumstances of the case. *Simmons.*

{¶ 19} To prevail on a motion for relief from judgment under Civ.R. 60(B), the moving party must establish that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc.* at paragraph two of the syllabus. Failure to prove any of the three elements is fatal to the motion, as the elements are "independent and in the conjunctive, not the disjunctive." *Id.* at 151.

{¶ 20} Appellants in this case argue that they were entitled to relief from judgment under Civ.R. 60(B)(5). This provision is known as the "catchall" provision of the rule and should not be used in place of a more specific ground for relief listed in Civ.R. 60(B); rather, this fifth provision should be used only in extraordinary

cases when justice warrants it. *Cerney v. Norfolk & W. Ry.*, 104 Ohio App.3d 482, 491, 662 N.E.2d 827 (8th Dist.1995), citing *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (1974).

{¶ 21} This catchall provision provides relief from a judgment procured by a fraud upon the court by an officer of the court. *Coulson v. Coulson*, 5 Ohio St.3d 12, 448 N.E.2d 809 (1983), paragraph two of the syllabus; *Hill v. Ross*, 8th Dist. Cuyahoga Nos. 99094 and 99122, 2013-Ohio-1903, ¶ 18. A "fraud upon the court" is "[a]ny fraud connected with the presentation of a case to a court[.]" *Coulson* at 15, citing 11 Wright & Miller, *Federal Practice and Procedure,* Section 2870, 253 (1973); *Hartford v. Hartford*, 53 Ohio App.2d 79, 84, 371 N.E.2d 591 (8th Dist.1977) (defining fraud upon the court as conduct that "defiles the court itself," or fraud that is perpetrated by officers of the court "so as to prevent the judicial system from functioning in the customary manner of deciding the cases presented in an impartial manner"); *Toscano v. Commr. of Internal Revenue*, 441 F.2d 930, 933 (9th Cir.1971) (permitting a Civ.R. 60(B)(5) motion for relief where an attorney "actively participates in defrauding the court"). The trial court has wide discretion in determining whether a fraud has been perpetrated upon it. *Hartford* at 85.

{¶ 22} However, the doctrine of res judicata prevents repeated attacks on a final judgment and applies to all issues that were or might have been litigated. *Bank of New York v. Jackson*, 8th Dist. Cuyahoga No. 99874, 2013-Ohio-5133, ¶ 10, citing *Rogers v. Whitehall*, 25 Ohio St.3d 67, 494 N.E.2d 1387 (1986). And where the facts alleged in successive motions were available to an appellant at the time he or she

filed an earlier motion, the principles of res judicata bar the later motion. *D'Agnese v. Holleran*, 8th Dist. Cuyahoga No. 86769, 2006-Ohio-2470, ¶ 6, citing *Bahgat v. Bahgat*, 10th Dist. Franklin No. 83AP-469, 1984 Ohio App. LEXIS 11749 (Dec. 6, 1984). The doctrine of res judicata "'prevents the successive filings of Civ.R. 60(B) motions [for] relief from a valid, final judgment when based upon the same facts and same grounds or based upon facts that could have been raised in the prior motion.'" *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43, ¶ 8, quoting *Beck-Durell Creative Dept., Inc. v. Imaging Power, Inc.*, 10th Dist. Franklin No. 02AP-281, 2002-Ohio-5908, ¶ 16; *Cuyahoga Metro. Hous. Auth. v. Rabb*, 8th Dist. Cuyahoga No. 105384, 2017-Ohio-9017, ¶ 17.

{¶ 23} Additionally, a Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for an appeal. *Antonyzyn v. Kelly*, 8th Dist. Cuyahoga No. 107838, 2019-Ohio-2829, ¶ 19. And issues that could have been raised on appeal may not be raised in a Civ.R. 60(B) motion for relief from judgment. *Zimmie v. Zimmie*, 8th Dist. Cuyahoga No. 54860, 1988 Ohio App. LEXIS 5211, 12 (Dec. 22, 1988), citing *Blasco v. Mislik*, 69 Ohio St. 2d 684, 433 N.E.2d 612 (1982).

{¶ 24} Here, in their third motion for relief from judgment, Appellants once again challenge the procedure by which Blue Durham's counsel obtained the cognovit judgment. This time, however, rather than argue that Blue Durham's counsel never produced the original warrants of attorney when it applied for judgment (as made in the second motion for relief from judgment in 2016), Appellants argue that Blue Durham's counsel made false representations to the

court regarding the procedure counsel followed in presenting the original warrants of attorney. Specifically, Appellants allege that counsel submitted a false affidavit attesting to the fact that the trial court's procedure for obtaining a cognovit judgment was followed, when in fact, the civil case cover sheet filed with the original complaint was completed by another attorney who shared office space with Blue Durham's counsel, and therefore, Blue Durham's counsel could not have known that the court's cognovit procedure was followed. According to Appellants, this purported misrepresentation contributed to the trial court's award of sanctions against them.

{¶ 25} We find, however, that Appellants' third motion for relief from judgment is barred by res judicata because Appellants' concern with the purported conflict between the civil case cover sheet and counsel's affidavit in support of sanctions could have been raised at the sanctions hearing held in January 2017 or in the prior appeal from the court's sanctions award. Although Appellants assert a new basis upon which they seek relief — fraud upon the court — no new events and no new facts or evidence have been produced to support this new claim. The record shows that both documents — the civil cover sheet and the affidavit—were available to Appellants at the time of the sanctions hearing and prior to filing the appeal in *Krantz II.* The civil cover sheet was filed with the complaint in 2007, and Blue Durham's counsel's affidavit, which Blue Durham attached to its reply brief in support of its motion for sanctions, was filed in December 2016. The affidavit became part of the court's docket one month before the sanctions hearing. The record also shows that Hanudel in fact addressed Blue Durham's counsel's affidavit

at the sanctions hearing, where Hanudel's attorney questioned counsel's averment that he "followed procedures." At no time during the sanctions hearing or during the prior appeal, however, did Appellants raise any issue with an alleged conflict between the civil case cover sheet and counsel's affidavit.

{¶ 26} Moreover, we find Appellants' third motion for relief from judgment to be untimely. While it is true, as Appellants assert, that a claim under Civ.R. 60(B)(5) is not subject to the one-year time limitation applied to motions filed under Civ.R. 60(B)(1)-(3), motions asserting a fraud upon the court must be made within a reasonable time, which is determined by the circumstances in each case. Here, Appellants filed their motions for relief approximately two years after the trial court's award of sanctions.[2] Further, none of the Appellants included in their motions any evidence of a reasonable explanation for the delay. Appellants therefore failed to demonstrate the timeliness of their motion. *Rabb*, 8th Dist. Cuyahoga No. 105384, 2017-Ohio-9017, ¶ 16 (finding where the moving party fails to demonstrate the timeliness of the motion, the movant "fails to present evidence of a reasonable explanation for the delay" and his motion is untimely under Civ.R. 60(B)); *Simmons*, 8th Dist. Cuyahoga No. 97975, 2012-Ohio-4164, ¶ 8.

---

[2] Although we consider the appellants' requests for relief from judgment together for purposes of this opinion, we reiterate that two motions for relief were filed with the trial court: Hanudel filed his motion for relief from judgment on November 16, 2018 (nearly two years after the trial court's sanctions order), and the Krantzes, pro se, filed their motion for relief on January 22, 2019 (precisely two years after judgment).

{¶ 27} Because Appellants' third Civ.R. 60(B) motion for relief from judgment was based on facts that could have been raised during the sanctions hearing or in a prior appeal, their third motion is barred by res judicata. Appellants are therefore not entitled to relief under Civ.R. 60(B). Appellants' motions are also untimely. Thus, the trial court's denial of their third Civ.R. 60(B) motion was not an abuse of discretion.

{¶ 28} Appellants' sole assignment of error is overruled.

{¶ 29} Judgment against Hanudel and the Krantzes is affirmed.

It is ordered that appellee recover of Appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, JUDGE

LARRY A. JONES, SR., P.J., and
RAYMOND C. HEADEN, J., CONCUR