[Cite as *Simmons v. Simmons*, 2012-Ohio-4164.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   97975

---

## BEVERLY A. SIMMONS

PLAINTIFF-APPELLEE

vs.

## MICHAEL D. SIMMONS

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Domestic Relations Division of the
Cuyahoga County Court of Common Pleas
Case No.   D-284429

BEFORE:   Keough, J., Sweeney, P.J., and Rocco, J.

RELEASED AND JOURNALIZED:   September 13, 2012

**ATTORNEY FOR APPELLANT**

Lou D'Amico
Argie, D'Amico & Vitantonio
6449 Wilson Mills Road
Mayfield Village, OH 44143


**ATTORNEY FOR APPELLEE**

Dean W. Van Dress
Van Dress Legal Group Co., LLC
The Bank of Berea Building
46 Front Street
Berea, OH 44017

KATHLEEN ANN KEOUGH, J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Defendant-appellant, Michael Simmons, appeals from an order of the trial court denying his Civ.R. 60 motion for relief from judgment without conducting a hearing. For the reasons that follow, we affirm.

{¶3} On September 9, 2004, the final divorce decree of appellant and plaintiff-appellee, Beverly Simmons n.k.a. Steele was filed. Seven years, later on December 5, 2011, appellant filed a Civ.R. 60(B) motion for relief from judgment contending that appellee failed to disclose approximately $50,000 during the parties' divorce proceedings; thus, creating fraud upon the court and resulting in the appellee being unjustly enriched. The trial court denied appellant's motion without conducting a hearing, reasoning that appellant's motion was untimely. Appellant appeals this decision, raising the denial of his motion as his sole assignment of error.

{¶4} A court's decision regarding a motion for relief from judgment under Civ.R. 60(B) is reviewed for an abuse of discretion. *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 1994-Ohio-107, 637 N.E.2d 914. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶5}** To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that he is entitled to relief pursuant to one of the enumerated grounds of Civ.R. 60(B), that he has a meritorious defense or claim to present if relief is granted, and that he brought his motion within the applicable time limit of Civ.R. 60(B). *GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. A failure to establish any one of the foregoing circumstances is ordinarily fatal to a Civ.R. 60(B) motion. *See Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988) (stating that the trial court should overrule a Civ.R. 60(B) motion if the movant fails to meet any one of the foregoing three requirements); *GTE* at 151 (the three requirements are "conjunctive").

**{¶6}** A person filing a motion for relief from judgment under Civ.R. 60(B) is not automatically entitled to such relief nor to a hearing on the motion. *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469, (8th Dist.1974). The movant has the burden of proving that he is entitled to the relief requested or to a hearing on the motion. *Id.* The movant must submit factual material that on its face demonstrates the timeliness of the motion, reasons why the motion should be granted, and that he has a meritorious claim or defense. *Id.*; *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 1996-Ohio-430, 665 N.E.2d 1102.

**{¶7}** In this case, appellant moved for relief from judgment pursuant to Civ.R. 60(B)(5) — "any other reason justifying relief from the judgment" — alleging that appellee concealed approximately $50,000 during their divorce proceedings and that he

did not discover the purported concealment until September 2010. This court has recognized that claims involving either the non-disclosure or false disclosure of income or assets in domestic relations cases may state a claim for relief from judgment under Civ.R. 60(B)(5) in appropriate circumstances. *See, e.g., Offenberg v. Offenberg*, 8th Dist. No. 71538, 1998 Ohio App. LEXIS 2342 (May 28, 1998). Accordingly, because fraud is a potentially valid defense, appellant could be entitled to relief from judgment if his Civ.R. 60(B) motion was timely filed.

{¶8} Although a motion filed pursuant to Civ.R. 60(B)(5) is not subject to the one-year limitation, it must be filed within a "reasonable time." *GTE*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. The movant has the burden of presenting evidentiary materials demonstrating that the motion was filed within a "reasonable time." *Youssefi v. Youssefi*, 81 Ohio App.3d 49, 53, 610 N.E.2d 455 (9th Dist.1991). What constitutes a reasonable time is dependent upon the facts and circumstances of any particular case. *Cautela Bros. Cement Contrs. v. McFadden*, 32 Ohio App.2d 329, 332, 291 N.E.2d 539 (10th Dist.1972). Settlement negotiations may extend the time normally considered reasonable. *Id.* Timeliness is an issue that is left to the discretion of the trial court, and each case must be decided on its own merits. *Second Natl. Bank of Warren v. Courthouse Square Realty, Ltd.*, 11th Dist. No. 92-T-4774, 1994 Ohio App. LEXIS 4887 (Oct. 28, 1994).

{¶9} In this case, the trial court denied appellant's Civ.R. 60(B) motion for relief from judgment finding that he had not satisfied his burden of demonstrating that the

motion was made within a reasonable amount of time. The trial court stated that if appellant's motion were timely, a full hearing would have been needed. Therefore, the issue before this court is whether the trial court's determination that appellant's motion was not made within a reasonable amount of time under the circumstances was so unreasonable, arbitrary, or unconscionable as to constitute an abuse of discretion. We find that it was not.

{¶10} Appellant filed his motion approximately 15 months after he discovered appellee's purported non-disclosure of assets, which was approximately seven years after the final judgment entry of divorce was filed. In his motion, appellant explained that shortly after he discovered the purported non-disclosure, "the parties began communicating about the issues presented herein. When those efforts ultimately failed to result in a resolution, Defendant was left with no choice but to seek the Court's assistance as set forth herein."

{¶11} The record before this court demonstrates that appellant knew as of June 21, 2011, when his attorney received correspondence from appellee's attorney that no money would be paid to appellant and any additional pursuit of the matter would result in a request for sanctions, that no resolution would been reached in this matter. Nevertheless, an additional six months passed before appellant filed his Civ.R. 60(B) motion for relief from judgment. This additional delay of six months following receipt of the June 21 letter was unexplained and thus unreasonable. While settlement negotiations may extend the time normally considered reasonable depending upon the circumstances of a particular

case, once those negotiations fail, the unexplained delay of the passage of more time becomes increasingly unreasonable.

**{¶12}** Accordingly, we find that the trial court did not abuse its discretion in denying appellant's Civ.R. 60(B) motion for relief from judgment. The assigned error is overruled.

**{¶13}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

JAMES J. SWEENEY, P.J., and
KENNETH A. ROCCO, J., CONCUR