[Cite as *Fiduciary Trust Co. v. Bigley*, 2014-Ohio-1373.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| FIDUCIARY TRUST COMPANY, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-T-0077** |
| JAMES E. BIGLEY, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 12 CV 2275.

Judgment: Affirmed.

*T. Christopher O'Connell* and *Michael R. Stavnicky*, Singerman, Mills, Desberg & Kauntz Co., L.P.A., 3333 Richmond Road, Suite 370, Beachwood, OH 44122 (For Plaintiff-Appellee).

*William P. McGuire*, William P. McGuire Co., L.P.A., 106 East Market Street, Suite 705, P.O. Box 1243, Warren, OH 44482-1243 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, James E. Bigley, appeals the judgment of the Trumbull County Court of Common Pleas denying his Civ.R. 60(B) motion for relief from a prior default judgment. Based on the following, we affirm.

{¶2} Appellee, Fiduciary Trust Company, filed a complaint against appellant on October 4, 2012, alleging civil theft, conversion, and fraud. The complaint alleged that "[appellee] managed financial assets for a client identified as Richard [last name intentionally deleted]." On April 19, 2012, appellee alleged that appellant improperly

caused two wire transfers to be initiated from the client's account to accounts in appellant's name. As a result, appellee transferred $52,200 to Huntington National Bank into appellant's account. Appellant then transferred the monies to Korea Standard Chartered Bank and Bank of America. Upon discovering that the client had not authorized the wire transfers, appellee attempted to retrieve the funds, but the monies had been withdrawn.

{¶3} Attached to appellee's complaint is an Assignment by the client to appellee, "assigning all of [his] right, title and interest (including but not limited to claims against James E. Bigley) arising out of or relating to the transfer of funds from my accounts at Fiduciary Trust Company to third parties on or about April 19, 2012 and April 20, 2012."

{¶4} Despite being properly served, appellant did not file an answer. Appellee moved for default judgment, and a hearing was set. Again, despite being served, appellant failed to attend. Default judgment was granted against appellant on February 12, 2013.

{¶5} Appellee then took action to execute on the judgment. Appellee filed a series of bank garnishment motions on March 29, 2013. The trial court issued the bank garnishment orders on April 4, 2013. A garnishment hearing was scheduled by the trial court on May 17, 2013. Appellant was served. Again, appellant neither objected to the garnishments nor attended the hearing.

{¶6} Appellee also filed a motion seeking an order to schedule a judgment debtor's exam. That motion was served on appellant. The trial court scheduled a debtor's exam for May 1, 2013. Appellant was served with the notice. Again, appellant neither objected to the debtor's exam nor attended the debtor's exam.

{¶7} As appellant failed to appear at the debtor's exam, appellee moved for a second debtor's exam, which was scheduled for June 13, 2013. On that date, appellant made his first appearance in this case; appellant filed a motion to vacate the judgment, pursuant to Civ.R. 60(B). The trial court denied appellant's motion without holding an evidentiary hearing.

{¶8} Appellant filed a notice of appeal and asserts three assignments of error for our review. As appellant's assigned errors are interrelated, we address them in a consolidated fashion.

{¶9} Appellant assigns the following errors on appeal:

[1.] The trial court erred as a matter of law and abused its discretion when it failed to grant appellant's Civil Rule 60(B)(5) motion when the alleged assignment from account owner to plaintiff did not contain the owner's name, the account number, the trust name and the amount claimed as assigned, and the absence of such facts voids the assignment ab initio.

[2.] The trial court committed prejudicial error and abused its discretion when it did not give appellant relief under Civil Rule 60(B)(1) to (5).

[3.] The trial court erred and abused its discretion in denying the motion for relief from judgment without conducting an evidentiary hearing when the affidavit evidentiary material supporting the claim contained obvious absence of operative facts, and such warranted relief from judgment.

{¶10} Relief from judgment may be granted pursuant to Civ.R. 60(B), which states, in part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been

3

satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reason (1), (2), and (3) not more than one year after the judgment * * *.

{¶11} Regarding the moving party's obligations for a Civ.R. 60(B) motion, the Ohio Supreme Court has held:

To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. If any one of the aforementioned requirements is not satisfied, the motion is properly overruled.

{¶12} Here, the trial court found that appellant failed to present a meritorious defense and that his motion failed to demonstrate that he filed it within a reasonable time, given the circumstances of the case. Because it is dispositive, we first address the timeliness of appellant's Civ.R. 60(B) motion.

{¶13} With regard to the third prong of the *GTE* test, appellant failed to present any reason below as to why his motion to vacate, filed five months after the trial court's judgment entry granting appellee's motion for default, was timely. On appeal, appellant merely maintains that his motion was filed less than one year from the date of the judgment.

{¶14} "The determination of what is a reasonable time is left to the sound discretion of the trial court. * * * A movant must offer some operative facts or evidential

4

material demonstrating the timeliness of his or her motion." *In re Guardianship of Brunstetter*, 11th Dist. Trumbull No. 2002-T-0008, 2002-Ohio-6940, ¶14, citing *Shell v. Cryer*, 11th Dist. Lake No. 2001-L-083, 2002-Ohio-848. The reasonableness of the time period is dependent upon the facts and circumstances of the particular case. *Simmons v. Simmons*, 8th Dist. Cuyahoga No. 97975, 2012-Ohio-4164, ¶8. "While a party may have a possible right to file a motion to vacate a judgment up to one year after the entry of judgment, the motion is also subject to the 'reasonable time' provision." *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 106 (1974).

{¶15} In *Binion v. Makis*, 11th Dist. Trumbull No. 98-T-0020, 1998 Ohio App. LEXIS 6004, this court found that the trial court did not abuse its discretion in determining that a motion for relief from judgment made within three months of judgment was untimely where appellant failed to provide a reason for the delay. *Id.* at *10. This court found that the appellant's bare assertion that the motion was made within three months and, therefore, was timely, "falls short of fulfilling his burden to provide this court with an explanation for such delay." *Id.*

{¶16} Similarly, in *Fouts v. Weiss-Carson,* this court reasoned that because the "appellant failed to present any explanation within her motion for the twelve-week delay in filing her motion to vacate the default judgment, she failed to demonstrate the timeliness of the motion." 77 Ohio App.3d 563, 567 (11th Dist.1991).

{¶17} In this case, appellant failed to provide any reason as to why his motion should be considered timely. As a result, the trial court did not err in overruling the motion. Appellant has not provided any justification for his unreasonable delay in filing for relief from judgment. Appellant was aware of the pending lawsuit and that default judgment was entered against him. He failed to appear for the default hearing and the

5

initial hearing in aid of execution, even though he received notice of those events. Without some indication that appellant was justifiably prevented or otherwise unable to file the motion until five months after the default, we cannot conclude the trial court abused its discretion.

{¶18} Additionally, appellant argues the trial court abused its discretion by overruling his motion without first conducting a hearing. However, because the motion lacked any explanation as to why it was not timely filed, the court was not required to grant a hearing.

{¶19} "The trial court's failure to hold a hearing [on a Civ.R. 60(B) motion] * * * does not rise to the level of an abuse of discretion." *HPSC, Inc. v. Estate of Scarso*, 11th Dist. Lake No. 2009-L-176, 2010-Ohio-5397, ¶20 (citation omitted). The Civil Rules do not require the trial court to hold a hearing before granting or dismissing a Civ.R. 60(B) motion. *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 103 (1974) (where all three *GTE* requirements were not satisfied, the trial court did not commit error in refusing to grant a hearing to the appellants).

{¶20} Appellant's first, second, and third assignments of error are without merit. The judgment of the Trumbull County Court of Common Pleas is hereby affirmed.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.

6