[Cite as *Miller v. Miller*, 2022-Ohio-1493.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

KAREN MICHAEL (F.K.A. MILLER),　　:

　　Plaintiff-Appellee,　　　　　:

　　　　　　　　　　　　　　　　No. 110537

v.　　　　　　　　　　　　:

DAVID MILLER, et al.,　　　　:

　　Defendants-Appellants.　　:

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 5, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-13-349594

---

### *Appearances:*

John V. Heutsche Co., L.P.A., and John V. Heutsche, *for appellee*.

Stafford Law Co., L.P.A., Joseph G. Stafford and Nicole A. Cruz, *for appellants*.

ANITA LASTER MAYS, P.J.:

{¶ 1} Defendant-appellant David Miller ("David") appeals the trial court's decision to deny his motion for relief from judgment. David asks this court to reverse the trial court's decision. We affirm the trial court's decision.

## I.     Facts and Procedural History

{¶ 2} David and Karen Michael f.k.a. Karen Miller ("Karen") entered into a separation agreement on October 16, 2014, and were divorced on January 12, 2015. Finalizing the divorce, the trial court issued a judgment entry of divorce and incorporated the separation agreement. Thereafter, in an appeal of a separate action, *Miller v. Miller*, 2019-Ohio-1886, 135 N.E.3d 1271 (8th Dist.) (*"Miller I"*) between David and Karen, it was recorded that:

> The separation agreement provided for spousal support in the amount of $15,000 per month for 20 years, terminating December 2034. The agreement also provided that upon completion of the current spousal support, David was required to pay Karen additional support of six quarterly payments totaling $450,000. A term of the separation agreement provided that Karen relinquishes all rights and interest she may have to the assets and income of RAM except that David shall secure his spousal support obligations by executing a cognovit note and stock pledge to secure his payments. The separation agreement further provided that David shall not encumber, transfer, assign, pledge, or otherwise alienate his interest in RAM without Karen's prior written consent.

*Id.* at ¶ 3.

{¶ 3} On January 24, 2017, the parties entered into an agreed judgment entry regarding David's spousal support.

**{¶ 4}** On April 13, 2017, David surrendered his ownership interest in RAM Sensors, Inc. ("RAM") to his son, Cody, and claims that he no longer receives any income from the company, which is what he used to provide spousal support. *See id.* at ¶ 7-8. (In 2015, Cody filed a complaint against David alleging that "David breached his fiduciary obligations by misappropriating funds belonging to Cody and RAM Sensors.").[1] The case was settled out of court. Karen has initiated a number of court proceedings, including filing suit against her son to make spousal support payments from his interest in RAM. Karen also sought to gain Cody's interest in RAM. However, the remaining issues in those subsequent proceedings, where Karen filed against David, are not relevant to this instant case.

**{¶ 5}** On July 17, 2020, David filed a motion for relief from the January 12, 2015 divorce decree and the January 24, 2017 agreed judgment entry. David argues that the spousal support orders were inequitable, and he was unable to comply with the support obligations due to Karen's litigious conduct and because he no longer receives income from RAM. As argued by David, Karen's "litigious conduct" relates to nonpayment of spousal support.

**{¶ 6}** On April 27, 2021, the trial court denied David's motion without a hearing finding that Civ.R. 60(B) was not a substitute for direct appeal, and that David's claim for impossibility of performance was not valid. Additionally, the trial

---

[1] *Miller, et al. v. Miller*, Cuyahoga C.P. No. CV-15-854301.

court found that the motion was untimely. David filed this appeal assigning one error for our review:

> The trial court abused its discretion by failing to grant David's motion for relief from judgment and in failing to conduct a hearing on David's motion for relief from judgment.

## II. Motion for Relief for Judgment

### A. Standard of Review

{¶ 7} "This court reviews a trial court's ruling on a Civ.R. 60(B) motion for relief from judgment under an abuse of discretion standard." *State v. Waver*, 8th Dist. Cuyahoga No. 107502, 2019-Ohio-1444, ¶ 27, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). "An abuse of discretion occurs when the court's decision is unreasonable, arbitrary, or unconscionable." *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

> In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must demonstrate (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the timeliness of the motion. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976). If any of the three requirements are not met, the motion should be denied. *Rose Chevrolet*; *Svoboda v. Brunswick*, 6 Ohio St.3d 348, 351, 453 N.E.2d 648 (1983).

*Id.* at ¶ 26.

### B. Law and Analysis

{¶ 8} In David's sole assignment of error, he argues that the trial court abused its discretion by denying his motion for relief from judgment under

Civ.R. 60(B)(4) and (5), and that he was entitled to an evidentiary hearing on his claims. Civ.R. 60(B)(4) and (5) state, in part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (4) * * * it is no longer equitable that the judgment should have prospective application," and "(5) any other reason justifying relief from the judgment."

{¶ 9} David contends that, under Civ.R. 60(B)(4), the judgement of spousal support is no longer equitable because of his change in income. However, David was aware of the loss of income in 2017. He did not file the motion for relief from judgment until three years later. Additionally, David asserts that the trial court erred in failing to reserve jurisdiction over the modification of spousal support despite the 26-year term of support. A trial court abuses its discretion when it sets a lengthy term of support and the court fails to reserve jurisdiction to modify the support because unforeseen circumstances are likely to arise during an extended term. *Nori v. Nori*, 58 Ohio App.3d 69, 73, 568 N.E.2d 730 (12th Dist.1989). And "R.C. 3105.18(E)(2) precludes modification of a spousal-support award absent a reservation of jurisdiction." *Walsh v. Walsh*, 157 Ohio St.3d 322, 2019-Ohio-3723, 136 N.E.3d 460, ¶ 21; *Morris v. Morris*, 148 Ohio St.3d 138, 2016-Ohio-5002, 69 N.E.3d 664, ¶ 57, 63 (A trial court does not have jurisdiction under Civ.R. 60(B)(4) and (5) to modify a spousal support award unless the court complies with the statutory requirement that it reserve jurisdiction.).

{¶ 10} David argues that his motion for relief from judgment was not intended as a substitute for appeal, but to remedy the inequitable and unjust consequences of Karen's improper conduct which could not have been foreseen by David at the time of the Judgment Entry of Divorce. However, David never appealed the final decree to claim as error the trial court's failure to retain jurisdiction to modify spousal support, and Civ.R. 60(B) cannot be used now as a substitute for appeal. *Blue Durham Properties v. Krantz*, 8th Dist. Cuyahoga Nos. 107974 and 108167, 2019-Ohio-4459, ¶ 23 ("[I]ssues that could have been raised on appeal may not be raised in a Civ.R. 60(B) motion for relief from judgment."); *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 16 ("It is well established that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal and that the doctrine of res judicata applies to such a motion."). The trial court properly concluded that David's Civ.R. 60(B) motion could not be used as a substitute for appeal.

{¶ 11} Civ.R. 60(B)(5) is a "catch-all provision which reflects the inherent power of a court to relieve a person from the unjust operation of a judgment. However, the grounds for invoking the provision must be substantial." *Whited v. Whited*, 4th Dist. Washington No. 19CA26, 2020-Ohio-5067, ¶19, quoting *Volodkevich v. Volodkevich*, 35 Ohio St.3d 152, 154, 518 N.E.2d 1208 (1988). However, the determination as to whether or not David's grounds for invoking

Civ.R. 60(B)(5) are substantial is not necessary as the trial court ruled that David's motion was untimely.

{¶ 12} We determine that David's motion was not timely. In order to "prevail on a motion for relief from judgment under Civ.R. 60(B), the moving party must establish that: * * * (3) the motion is made within a reasonable time." *Blue Durham Properties v. Krantz*, 8th Dist. Cuyahoga Nos. 107974 and 108167, 2019-Ohio-4459, ¶ 19. Failure to prove that the motion is made within a reasonable amount of time "is fatal to the motion." *Id*., quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 151, 351 N.E.2d 113 (1976).

{¶ 13} "Relief under Civ.R. 60(B)(4) and (5) is not subject to the one-year limitation, but must still be sought within a reasonable time." *GMAC Mtge. v. Lee*, 10th Dist. Franklin No. 11AP-796, 2012-Ohio-1157, ¶ 21. "Although Civ.R. 60(B) provides that a motion made pursuant to Civ.R. 60(B)(5) shall be made within a reasonable time, it does not specify what constitutes as reasonable time." *Roweton v. Willis*, 3d Dist. Logan No. 8-17-49, 2018-Ohio-1770, ¶ 18. "Absent evidence explaining the delay, we have consistently found delays of four months or less unreasonable under Civ.R. 60(B)." *Martinko v. Strongsville High School*, 8th Dist. Cuyahoga No. 80068, 2002-Ohio-1404, 6-7. *See, e.g., Blakeman v. Pelloski*, 10th Dist. Franklin No. 19AP-772, 2021-Ohio-560, ¶ 26 (Court ruled that the trial court did not abuse its discretion when it ruled appellant's Civ.R. 60(B)(5) motion untimely as appellant filed two years and eight months after the dissolution);

*Household Realty Corp. v. Cipperley*, 7th Dist. Mahoning No. 12 MA 113, 2013-Ohio-4365, ¶ 16 (Court ruled that the trial court did not abuse its discretion when it rule appellant's Civ.R. 60(B)(5) motion as untimely because appellant filed motion two years after judgment).

{¶ 14} David "has the burden of presenting 'allegations of operative facts to demonstrate that he is filing his motion within a reasonable period of time.'" *Mayer v. Mayer*, 8th Dist. Cuyahoga No. 104748, 2017-Ohio-1450, ¶ 6, quoting *McBroom v. McBroom*, 6th Dist. Lucas No. L-03-1027, 2003-Ohio-5198, ¶ 33. "Determining what is a 'reasonable time' for filing a Civ.R. 60(B) motion depends on the facts of the case." *Id., quoting McBroom* at ¶ 34. "Under this subsection, the motion must be filed within a reasonable time. In the absence of any explanation or justification for the delay in filing a Civ.R. 60(B)(5) motion, the motion should be denied." *Cipperley*, 7th Dist. Mahoning No. 12 MA 113, 2013-Ohio-4365, at ¶ 16, citing *CitiMortgage, Inc. v. Fishel*, 7th Dist. Mahoning No. 11 MA 97, 2012-Ohio-4117, ¶ 10. "Delays as short as three or four months render a Civ.R. 60(B)(5) untimely." *Id.*

{¶ 15} David argues that Karen's litigious conduct, as well as his loss of income, has made it impossible for him to comply with his spousal support obligations and rendered him unable to file a motion within a reasonable time. We conclude under these operative facts that a motion filed more than three years after

the final judgment is not a reasonable time under Civ.R. 60(B)(5). *See Harrison v. Doerner*, 8th Dist. Cuyahoga No. 94270, 2010-Ohio-4682, ¶ 19.

{¶ 16} David's claim that the trial court abused its discretion when it dismissed his motion without a hearing is without merit. "A trial court abuses its discretion when it denies a Civ.R. 60(B) motion without a hearing where the movant has alleged operative facts that would warrant relief." *BAC Home Loans Servicing, L.P. v. Shackelford*, 6th Dist. Sandusky No. S-12-030, 2013-Ohio-2361, ¶ 11, citing *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (8th Dist.1974). "However, '[t]he trial court has the authority to dismiss a Civ.R. 60(B) motion without first granting an evidentiary hearing when such motion is untimely filed.'" *Id.*, quoting *Bednar v. Bednar*, 20 Ohio App.3d 176, 178, 485 N.E.2d 834 (9th Dist.1984). *See, e.g., UBS Fin. Servs. v. Lacava*, 8th Dist. Cuyahoga No. 98919, 2013-Ohio-1669, ¶ 18 (Court held that the trial court did not abuse its discretion when it dismissed the appellant's Civ.R. 60(B)(5) motion without a hearing because the appellant's motion was untimely as appellant waited more than two years to file the motion). *See also Waszak v. Waszak*, 8th Dist. Cuyahoga No. 101462, 2015-Ohio-2262, ¶ 19; *Kostoglou v. Fortuna*, 8th Dist. Cuyahoga No. 107937, 2019-Ohio-5116, ¶ 21.

{¶ 17} The trial court ruled David's motion was untimely, thus the determination as to whether or not David's grounds for invoking Civ.R. 60(B)(4) and (5) are substantial is not necessary as the trial court ruled that David's motion

was untimely, which is fatal to his motion. David is requesting relief from the spousal support ordered in the January 12, 2015 divorce decree and the January 24, 2017 agreed judgment entry. On July, 17, 2020, more than five years after the divorce decree, David filed his motion for relief from judgment arguing that due to Karen's litigious conduct and his loss of income, he could not fulfill the agreement. David lost his interest in RAM on April 13, 2017. At that time, David knew or should have known that he would no longer receive income from RAM to satisfy his spousal support obligations to Karen. However, David did not file his motion until three years later. We determine that this length of time is unreasonable. As previously stated, failure to prove that the motion is made within a reasonable amount of time is fatal to the motion. Thus, it was well within the trial court's discretion to dismiss David's motion without a hearing.

{¶ 18} Therefore, David's sole assignment of error is overruled.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

ANITA LASTER MAYS, PRESIDING JUDGE

LISA B. FORBES, J., and
EILEEN T. GALLAGHER, J., CONCUR