[Cite as *H.G. v. E.G.*, 2022-Ohio-2585.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

H.G.,                                              :

       Plaintiff-Appellee,               :

       v.                                        :

E.G.,                                              :

       Defendant-Appellant.         :

No. 111004

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 28, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-20-383497

---

*Appearances:*

John V. Heutsche Co., L.P.A., and John V. Heutsche, *for appellee*.

Stafford Law Co., L.P.A., Joseph G. Stafford, and Nicole A. Cruz, *for appellant*.

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Defendant-appellant E.G., husband to plaintiff-appellee H.G., appeals the domestic relations court's denial of his Civ.R. 60(B) motion for relief from the judgment entry of dissolution. Because a motion for relief for judgment is not a

substitute for an appeal and where E.G. did not demonstrate other grounds for relief, we affirm the judgment appealed.

## I. STATEMENT OF THE FACTS AND PROCEDURE

{¶ 2} E.G. was married to H.G. in May 2011. On December 3, 2020, H.G. filed a petition for dissolution of marriage to which a separation agreement, executed on November 13, 2020, was attached. During the marriage, the couple had four children, and at the time of the dissolution, H.G. was pregnant with a fifth child. The marriage ended with the trial court adopting the separation agreement presented by the parties and issuing a judgment entry of dissolution on January 13, 2021.

{¶ 3} Within the separation agreement, both E.G. and H.G. acknowledged that they had the opportunity to seek advice of counsel prior to executing the agreement and that they executed the agreement of their own free will. The separation agreement included an award of spousal support. H.G. was designated as the residential parent and legal custodian of the children, and E.G. agreed that he would pay spousal support in the amount of $1,520.00 for a period of nine years, as well as child support in the amount of $1,815.67.

{¶ 4} On January 13, 2021, the domestic relations court held a telephonic conference and thereafter issued a judgment entry of dissolution that adopted and incorporated the separation agreement. Further, no record of the conference was held and H.G. has not supplemented the record in this appeal detailing any facts regarding the conference.

{¶ 5}  On January 21, 2021, the court issued a nunc pro tunc entry to correct the aggregate amount of support E.G. was to pay.  No appeal was taken of the entry of dissolution.

{¶ 6} On April 22, 2021, E.G. filed, among other motions, a motion for relief from judgment pursuant to Civ.R. 60(B).  Within the motion, E.G. claimed:

> (1) he has meritorious claims to present if relief is granted as a grossly inequitable separation agreement is a meritorious defense and Ohio law commands that cases be determined on their merits;

> (2) he is entitled to relief under Civ. R. 60(B)(5) as this Court failed to retain jurisdiction to modify his spousal support obligation and under the theory of unconscionability; and

> (3) the herein Motion is timely filed approximately three (3) months after this Court's Order.

E.G.  argued that the support ordered by the court was excessive and that it was error to issue the order of dissolution without a reservation of jurisdiction to modify the spousal support.  He further alleged that his waiver of counsel in the separation agreement was not prospective and the domestic relations court failed to obtain a waiver of counsel.

{¶ 7}   E.G. attached an affidavit to his motion for relief in which he averred that he was uncounseled during the proceedings, that he was unaware of Ohio law, and that he would not have agreed to the separation agreement had he been advised by counsel because of "the grossly oppressive and unenforceable nature of its terms." He further attested that the separation agreement was the result of overreaching by

H.G. and her counsel and that there was unequal bargaining power between the parties.

{¶ 8} On October 13, 2021, the domestic relations court denied E.G.'s motion for relief from judgment. It found that within the separation agreement, there was no reservation of jurisdiction to modify spousal support. It further found that Civ.R. 60(B) does not serve as a means to modify spousal support where the decree does not provide for modification, citing *Morris v. Morris*, 148 Ohio St. 3d 138, 2016-Ohio-5002, 69 N.E.3d 664, ¶ 2. Additionally, the domestic relations court found that H.G. waived counsel in writing. After noting that the law precludes the use of Civ.R. 60(B) motion as a substitute for appeal, the domestic relations court stated that "whether the judgment was equitable or whether the Court should have retained jurisdiction to modify spousal support are issues that should have been raised on direct appeal and were not."

II. LAW AND ARGUMENT

A. Assignments of error

{¶ 9} In this appeal E.G. raises two assignments of error. The first reads:

The trial court erred as a matter of law and abused its discretion by denying the Appellant's Motion for Relief from Judgment.

{¶ 10} The second reads:

The trial court erred as a matter of law and abused its discretion in failing to conduct a hearing on the Appellant's Motion for Relief from Judgment.

B. Applicable law and standards of review

{¶ 11} Civ.R. 60(B) provides when a party may seek relief from judgment, reading in pertinent part:

> (B) Mistakes; Inadvertence; Excusable neglect; Newly discovered evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

{¶ 12} In order for a party to prevail on a motion for relief from judgment filed pursuant to Civ.R. 60(B), that party must demonstrate that there exists 1) a meritorious defense or claim if the motion for relief is granted, 2) that the movant is entitled to relief under one of the reasons stated in Civ.R. 60(B)(1) through (5), and that the motion was timely filed. *GTE Automatic Elec., Inc. v ARC Industries*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976).

{¶ 13} If a party submits operative facts that if true would warrant relief from judgment, a hearing should be had. *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19 (1996). Conversely, where the party does not submit evidence that would warrant

relief from judgment, a court does not err by denying a motion for relief from judgment without hearing. *Id.*

{¶ 14} Where a party to a dissolution or divorce files a motion for relief from judgment, that motion cannot become a substitute for the party's failure to file an appeal. *Blue Durham Properties v. Krantz*, 8th Dist. Cuyahoga Nos. 107974 and 108167, 2019-Ohio-4459, ¶ 23 ("[I]ssues that could have been raised on appeal may not be raised in a Civ.R. 60(B) motion for relief from judgment.").

{¶ 15} A court has discretion to decide a motion for relief from judgment filed pursuant to Civ.R. 60(B). *Rodeno v. Mezenski*, 8th Dist. Cuyahoga No. 111030, 2022-Ohio-1176, ¶ 17. It further has discretion to determine the necessity of a hearing on that motion, and we review the denial of a motion for relief from judgment brought pursuant to Civ.R. 60(B) and decision to forego a hearing for an abuse of discretion. *Id.*; *Viscomi v. Viscomi*, 8th Dist. Cuyahoga No. 98405, 2012-Ohio-5721, ¶ 5. An abuse of discretion is more than mere error in judgment, it implies that the court's attitude is "'unreasonable, arbitrary, or unconscionable.'" *Id.* at ¶ 5, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

C. The trial court did not abuse its discretion by denying the motion for relief from judgment without hearing

{¶ 16} In his first assignment of error, E.G. argues that he was entitled to relief from judgment where 1) he had a meritorious claim if relief was granted as the terms of the separation agreement were unjust and inequitable, 2) that he is entitled

to relief under Civ.R. 60(B)(5) because the support orders in the decree are inequitable and contrary to Ohio law, and 3) that the motion was timely filed. E.G. supports his argument by asserting that had he had counsel, he would not have agreed to the separation agreement, that the agreement was a product of overreaching and unequal bargaining power, and that the amount of support is inequitable. In his second assignment of error, he argues that the trial court abused its discretion by failing to hold a hearing upon his motion.

{¶ 17} H.G. argues that E.G. did not produce any facts that would entitle him to relief from judgment and further, the issues he raises could have been brought on appeal. She notes that E.G.'s waiver of counsel was valid and his statement that he was unaware of Ohio law is not a cognizable claim that would entitle him to relief from judgment. She further argues that E.G. did not provide any facts that would justify relief and that the domestic relations court did not err by denying the motion without a hearing.

{¶ 18} In denying his motion for relief, the domestic relations court determined that H.G. validly waived counsel in the proceedings and "[w]hether the judgment was equitable or whether the Court should have retained jurisdiction to modify spousal support are issues that should have been raised on direct appeal and were not." A litigant in divorce proceedings may not use Civ.R. 60(B) as a substitute for an appeal to contest the domestic relation court's failure to retain jurisdiction to modify spousal support. *Michael v. Miller*, 8th Dist. Cuyahoga No. 110537, 2022-Ohio-1493, ¶ 10.

{¶ 19} To the extent E.G. argues that his wavier of counsel was invalid or that the terms of the separation agreement, to include the term and duration of the spousal support payments and the failure to retain jurisdiction to modify those payments were inequitable, we find those issues were subject to review in an appeal. *E.g., McSweeney v. McSweeney*, 112 Ohio App.3d 355, 361, 678 N.E.2d 969 (10th Dist.1996) (Waiver of counsel in dissolution proceedings found to invalid.), *Michael*, 2022-Ohio-1493, ¶ 10 (Failure to reserve right to modify spousal support was subject to appeal.) Moreover, in a dissolution, Civ.R. 60(B)(5) cannot be used to modify spousal support unless the parties agreed to reserve the right to allow modification of the award. *Morris*, 2016-Ohio-5002, ¶2. Accordingly, the trial court did not abuse its discretion by denying the motion for relief from judgment on the basis that these issues could have been raised in an appeal. *Id*.; *see, Blue Durham Properties,* 2019-Ohio-4459, ¶ 23.

{¶ 20} H.G. sought relief from judgment pursuant Civ.R. 60(B)(5), the "catch-all" provision that invokes "the inherent power of a court to relieve a person from the unjust operation of a judgment." *Michael,* 2022-Ohio-1493, at ¶ 11. In order to be entitled to relief under this provision, the grounds asserted must be "substantial." *Id.,* citing *Whited v. Whited*, 4th Dist. Washington No. 19CA26, 2020-Ohio-5067, ¶ 19. H.G. alleged that had he not been ignorant of Ohio law or had he hired counsel, he would not have agreed to the terms in the separation agreement. Further he alleged that the separation agreement was "the result of overreaching by [H.G.] and her counsel and unequal bargaining power." In considering whether E.G.

is entitled to relief from judgment, we need to determine whether these allegations comprise a meritorious defense or claim if the motion for relief is granted. *GTE Automatic Elec., Inc. v ARC Industries*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976).

{¶ 21} "[A]n agreement signed without counsel is not per se invalid, and mere regret at an unwise decision does not establish duress, coercion, fraud or overreaching." *Fletcher v. Fletcher,* 68 Ohio St.3d 464, 470, 628 N.E.2d 1343 (1994). By appearing pro se, E.G.'s lack of knowledge of the law does not serve as a basis for relief from judgment because pro se litigants must accept the results of their errors and are "'presumed to have knowledge of the law and of correct legal procedure, and [are] held to the same standard as all other litigants.'" *Wallace v. Rocky River*, 8th Dist. Cuyahoga No. 80182, 2002-Ohio-3901, ¶ 17, quoting, *Jones Concrete, Inc. v. Thomas*, 9th Dist. Medina No. 2957-M, 1999 Ohio App. LEXIS 6151 (Dec. 22, 1999). Further, courts need not relieve litigants of decisions they may later regret. *E.g., Ohio Savs. Bank v. Sabatino*, 9th Dist. Summit No. 15991, 1993 Ohio App. LEXIS 3480, 5 (July 7, 1993) ("Civ.R. 60(B)(1) does not provide relief for litigants who are careless or ignorant."). In presenting this argument to the domestic relations court, H.G. merely stated had he had counsel, he would not have agreed to the terms of the separation agreement. As such, in considering this claim for relief, we do not find the domestic relations court abused its discretion by denying the motion for relief from judgment.

{¶ 22} E.G. also argues that the separation agreement was the product of overreaching or unequal bargaining entitling him to relief from judgment. He relies on *Smith v. Smith*, 2019-Ohio-129, 128 N.E.3d 914 (9th Dist.), for the proposition that overreaching is a cognizable claim for relief from judgment. In *Smith*, the court held that a separation agreement providing for no child support or spousal support but required indefinite cash payments from husband to wife was "drafted in such a way as to increase the likelihood that the children would be eligible for Medicaid." *Id*. at ¶ 19. It noted that the separation agreement was "unquestionably grossly inequitable, and was clearly designed to take advantage of the fact that husband was unrepresented." *Id*. at ¶ 10. However, the court held that "the trial court is ordered to vacate the parenting plan and separation agreement due to the provision in the separation agreement and parenting plan which violates public policy." *Id*. at ¶ 20. Beyond the dicta upon which H.G. relies in the *Smith* case, the facts in this case are inapposite because E.G. makes no argument that the separation agreement is violative of public policy.

{¶ 23} Additionally, E.G. has not presented evidence of any overreaching. E.G. argues that the amount and duration of the spousal support is grossly inequitable because it is a large portion of his income and continues without modification for a period of nine years. He attests only that the agreement was "the result of overreaching by [H.G.] and her counsel and unequal bargaining power." But E.G. does not allege or describe any specific acts on the part of H.G. or her counsel that demonstrate overreaching occurred. As such, his argument is based on

a conclusory assertion that presumes his consent to the separation agreement must have been the product of overreaching. We do not find the domestic relations court abused its discretion by denying the motion for relief where E.G. makes a conclusory assertion of overreaching without any facts that describe or detail any overreaching on H.G. or her counsel's part.

{¶ 24} The facts presented by E.G. in his affidavit did not demonstrate a meritorious defense or claim. In all, E.G. was aware of the facts and circumstances underlying the couple's separation. He was aware of the terms in the agreement and elected to proceed with the dissolution pro se. His conclusionary assertions claiming ignorance of the law and overreaching by H.G. and her counsel do not amount to substantial grounds that justify granting relief. *See Settonni v. Settonni,* 8th Dist. Cuyahoga No. 97784, 2012-Ohio-3084, ¶ 33 ("Appellant cannot now rely on Civ.R. 60(B)(4) to vacate his voluntary, deliberate choice to enter into an agreement merely because hindsight reveals he may not have made a wise choice.").

{¶ 25} In his second assignment of error, H.G. complains that the trial court erred by denying his motion for relief from judgment without a hearing. Because we find E.G. raised issues that were subject to appeal and that the facts presented in his motion for relief from judgment did not demonstrate a meritorious claim that justified relief, we find that the domestic relations court did not abuse its discretion by denying the motion for relief from judgment without hearing.

{¶ 26} H.G.'s first and second assignments of error are overruled.

III.  CONCLUSION

{¶ 27} H.G. waived counsel, voluntarily entered into a separation agreement, and agreed to an amount and term of spousal support. A motion for relief from judgment is not a substitute for appeal. H.G.'s claims regarding waiver of counsel and the terms of the separation agreement were subject to an appeal and could not be the basis of a motion for relief from judgment.  Further, his claim that he was ignorant of the law and his conclusory assertion that his consent to the separation agreement was the product of overreaching were not supported by facts that would entitle H.G. to relief from judgment. As such, the domestic relations court did not abuse its discretion by denying H.G.'s Civ.R. 60(B) motion for relief from judgment without holding a hearing.

{¶ 28} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

LISA B. FORBES, J., and
EMANUELLA D. GROVES, J., CONCUR