[Cite as *Duck Creek v. O'Dell*, 2024-Ohio-1051.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DUCK CREEK ENERGY, INC.,        :

     Plaintiff-Appellee,        :

     v.          :

TISH O'DELL, ET AL.,        :

     Defendants-Appellants.    :

No. 113211

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 21, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-12-778554

---

### *Appearances:*

Benesch, Friedlander, Coplan & Aronoff LLP and
Robert A. Zimmerman, *for appellee*.

Terry J. Lodge, *for appellants*.

KATHLEEN ANN KEOUGH, A.J.:

{¶ 1} Defendants-appellants, Tish O'Dell and Michelle Aini ("appellants"), appeal from the trial court's judgment denying their Civ.R. 60(B) motion for relief from judgment. Finding no merit to the appeal, we affirm.

## I. Background

{¶ 2} In March 2012, plaintiff-appellee, Duck Creek Energy, Inc. ("Duck Creek"), brought suit against appellants, asserting claims for defamation, tortious interference with business relationships, and tortious interference with prospective business relationships, based on statements that appellants made about Duck Creek's liquid roadway de-icing product, AquaSalina. Appellants countersued for abuse of process.

{¶ 3} All parties were represented by counsel throughout the litigation. After discovery, the parties filed cross-motions for summary judgment. In June 2013, the trial court issued a 27-page journal entry and decision, meticulously analyzing and deciding each of the claims and counterclaims asserted by the parties, ultimately granting summary judgment in part and denying summary judgment in part regarding the parties' claims.

{¶ 4} On September 10, 2013, after a settlement conference with the court, the parties entered into a confidential settlement agreement. As part of the agreement, on September 27, 2013, the trial court entered a consent judgment and order granting permanent injunctive relief. The judgment prohibited and enjoined appellants from "referring to, describing, or implying AquaSalina as, or any synonyms for: fracwater, fracking waster, frack waste, fracking fluid, fracking by-product, toxic, carcinogenic, cancer causing, poisonous, [and] radioactive." The judgment further provided that Duck Creek would test AquaSalina on an annual basis for the presence of volatile chemicals, as required by the Ohio Department of

Natural Resources ("ODNR"), and would not sell AquaSalina to customers unless it had met the ODNR testing requirements. The consent judgment enjoined Duck Creek from stating that AquaSalina is approved by the Ohio EPA unless such approval has been issued.

{¶ 5} The consent judgment also required appellants to pay Duck Creek a sum of money as specified in the confidential settlement agreement and ordered that by virtue of the consent judgment, appellants acknowledged that "AquaSalina is filtered brine" and "their previous statements that AquaSalina is frac water, fracking fluid, fracking waste, frac waster, or a by-product of fracking were incorrect and are retracted." The consent judgment and order dismissed Duck Creek's complaint and appellants' counterclaim with prejudice and ordered that the court retained jurisdiction for purposes of enforcing the consent judgment and order and the confidential settlement agreement.

{¶ 6} Nearly ten years later, on June 16, 2023, appellants filed a motion for relief from judgment pursuant to Civ.R. 60(B)(4) and (5), asking the court to vacate the September 27, 2013 consent judgment "and prospectively to terminate all limitations on the exercise of their speech right that it directly or indirectly imposes." In their motion, appellants argued that they had a meritorious defense to Duck Creek's defamation and tortious interference with business relationships claims because "the contemporary, updated scientific understanding of the contents of drilling wastes and its comparative toxicity would lead a reasonable member of the jury to find now and prospectively that [appellants'] terminology is not defamatory."

(Brief in support of motion for relief from judgment, p. 4-5.) Appellants argued that, under Civ.R. 60(B)(4), it was no longer equitable that the consent judgment should have prospective application because "the growing body of published media, articles, and studies that has emerged since the settlement largely describes and legitimizes the concerns that Defendants voiced in 2013." *Id.* at p. 6. In short, appellants argued that it was inequitable to prospectively preclude them from publicly questioning AquaSalina's toxicity and radioactivity while scientists, science journalists, and activists were actively doing so. *Id.* at p. 8. Appellants also argued that they were entitled to relief from judgment under Civ.R. 60(B)(5) because the consent judgment is a prior restraint on speech and thus should be vacated as unconstitutional.

{¶ 7} In its brief in opposition, Duck Creek argued that appellants' motion should be denied because settlement agreements should be enforced and appellants had no right to relief under Civ.R. 60(B)(4) and (5). Duck Creek argued further that ten years is not a reasonable time to file a motion for relief from judgment under either Civ.R. 60(B)(4) or (5) and that appellants gave "absolutely no explanation" and provided no evidence whatsoever as to why they waited a decade to file their motion.

{¶ 8} Appellants filed a reply to Duck Creek's brief in opposition in which they asserted that they filed their motion for relief from judgment because they received a "cease-and-desist letter" from Duck Creek's counsel on October 28, 2021, in response to an October 15, 2021 op-ed in the Akron Beacon Journal that was co-

authored by appellant O'Dell. The letter demanded that O'Dell stop making defamatory statements about AquaSalina and threatened that Duck Creek would file a motion for contempt if she did not adhere to the consent judgment. Appellants argued that their motion for relief from judgment should be granted because the trial court had the inherent power to modify or vacate a permanent injunction and they did not waive their First Amendment rights by settling the case.

{¶ 9} In its sur-reply, Duck Creek argued that even if the October 2021 cease-and-desist letter prompted appellants' motion for relief from judgment, the motion was not filed until June 2023, further demonstrating appellants' unreasonable delay in filing their motion. Duck Creek also pointed out that the injunction issued as part of the consent judgment is narrow; it prohibits appellants from saying that AquaSalina is any of the ten listed words or phrases in the injunction but does not prohibit them from saying anything else about AquaSalina, including what it may contain. Duck Creek noted that appellant O'Dell continues to speak about AquaSalina, as demonstrated by exhibit No. 1 to its sur-reply — a copy of written testimony submitted by O'Dell in 2021 in opposition to proposed Ohio Senate Bill 171 — wherein O'Dell mentioned AquaSalina by name and her efforts to dissuade its use.

{¶ 10} Finally, Duck Creek pointed out that appellants' First Amendment argument was misplaced because the consent judgment was an agreement between private parties and no state action was involved. *See Denver Area Edn. Telcoms. Consortium v. FCC*, 518 U.S. 727, 737, 116 S.Ct. 2374, 135 L.Ed.2d 888 (1996) ("We

recognize that the First Amendment, the terms of which apply to governmental action, ordinarily does not itself throw into constitutional doubt the decisions of private citizens to permit, or to restrict, speech."); *Kneebinding, Inc. v. Howell*, 208 Vt. 576, 2018-VT-101, 201 A.3d 326, ¶ 58 ("Private parties may enter agreements that waive their respective free speech rights, and courts may enforce those agreements, without running afoul of the First Amendment."); *Aultman Corp. v. Roach*, 5th Dist. Stark No. 2007CA0009, 2007-Ohio-5686, ¶ 44 (rejecting argument that a preliminary injunction incorporating the terms of the parties' settlement agreement was a violation of the right to free speech).

{¶ 11} The trial court subsequently entered a judgment entry denying appellants' motion for relief from judgment "for being untimely filed." The court reasoned, "[t]he defendants are asking the court to vacate a judgment from September 27, 2013. Filing a motion for relief from judgment almost ten years after the judgment was entered is untimely." The court further found that it had the authority to deny a Civ.R. 60(B) motion without a hearing because the motion was untimely filed. This appeal followed.

## II. Law and Analysis

{¶ 12} In their single assignment of error, appellants contend that the trial court abused its discretion in denying their motion for relief from judgment as untimely filed.

{¶ 13} To prevail on a motion for relief from judgment, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if the

relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time.[1]  *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.  The movant must satisfy all three of these requirements to obtain relief.  *Bank of N.Y. v. Elliot*, 8th Dist. Cuyahoga Nos. 97506 and 98179, 2012-Ohio-5285, ¶ 24, citing *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 666 N.E.2d 1134 (1996); *see also Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988) (a trial court should overrule a Civ.R. 60(B) motion if the movant fails to meet any one of the three requirements).

{¶ 14} An appellate court reviews a trial court's judgment regarding a motion for relief from judgment under an abuse-of-discretion standard.  *Waszak v. Waszak*, 8th Dist. Cuyahoga No. 101462, 2015-Ohio-2262, ¶ 8, citing *Rose Chevrolet* at *id.*  The Ohio Supreme Court has defined "'abuse of discretion' as an 'unreasonable, arbitrary, or unconscionable use of discretion, or as a view or action that no conscientious judge could honestly have taken.'" *State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, 15 N.E.3d 818, ¶ 67, quoting *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶ 23.  "'Abuse of discretion' has been described as including a ruling that lacks a 'sound reasoning process.'" *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 14, quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d

---

[1] Where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), the motion must be filed not more than one year after the judgment was entered.

157, 161, 553 N.E.2d 597 (1990). We find no abuse of discretion in the trial court's judgment denying the motion for relief from judgment as untimely.

{¶ 15} Although a motion filed pursuant to Civ.R. 60(B)(4) and (5) is not subject to the one-year time limitation applicable to motions brought pursuant to Civ.R. 60(B)(1), (2), and (3), such motions "still must be filed within a 'reasonable' time." *Waszak* at ¶ 13, quoting *GTE* at paragraph two of the syllabus. The movant "'has the burden of presenting "allegations of operative facts to demonstrate that he is filing his motion within a reasonable period of time."'" *Michael v. Miller*, 8th Dist. Cuyahoga No. 110537, 2022-Ohio-1493, ¶ 14, quoting *Mayer v. Mayer*, 8th Dist. Cuyahoga No. 104748, 2017-Ohio-1450, ¶ 6, quoting *McBroom v. McBroom*, 6th Dist. Lucas No. L-03-1-27, 2003-Ohio-5198, ¶ 33. "What constitutes a 'reasonable time' is dependent upon the facts and circumstances of any particular case." *Simmons v. Simmons,* 8th Dist. Cuyahoga No. 97975, 2012-Ohio-4164, ¶ 8. "Timeliness is an issue that is left to the discretion of the trial court, with each case decided on its own merits." *Id.* at *id.*

{¶ 16} As noted above, the consent judgment and order granting permanent injunctive relief was journalized on September 27, 2013. Appellants did not file their Civ.R. 60(B) motion for relief from judgment until nearly ten years later, on June 16, 2023. Although appellants acknowledged the "reasonable time" requirement on page 3 of their brief in support of their motion, they made no reference to this requirement in any other part of their brief. They did not address whether their motion was timely and gave no explanation or justification for the nearly ten-year

delay in filing their motion. In their reply to Duck Creek's brief in opposition to their motion, appellants for the first time asserted that they filed their motion in response to an October 28, 2021 cease-and-desist letter from Duck Creek's counsel. Even then, however, appellants offered no explanation regarding why they waited more than a year and a half after receipt of the letter to file their motion.

{¶ 17} This court has stated that "'[i]n the absence of any explanation or justification for the delay in filing a Civ.R. 60(B)(5) motion, the motion should be denied.'" *Michael* at ¶ 14, quoting *Household Realty Corp. v. Cipperley*, 7th Dist. Mahoning No. 12 MA 113, 2013-Ohio-4365, ¶ 16; *see also Mt. Olive Baptist Church v. Pipkins Paints & Home Improvement Ctr.*, 64 Ohio App.2d 285, 289, 413 N.E.2d 850 (8th Dist.1979) ("In the absence of any evidence explaining the delay, the movant has failed to demonstrate the timeliness of the motion."). Appellants had the burden of "submit[ting] factual material that on its face demonstrate[d] the timeliness of the motion." *Simmons* at ¶ 6. Without any explanation whatsoever as to why they waited nearly ten years to file their motion, appellants failed to establish the "reasonable time" requirement for relief from judgment under Civ.R. 60(B)(4) or (5). Accordingly, the trial court did not abuse its discretion in denying the motion as untimely filed. The assignment of error is overruled.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

MICHELLE J. SHEEHAN, J., and
LISA B. FORBES, J., CONCUR